Alice DILG, Plaintiff,

v.

UNITED STATES POSTAL
SERVICE, Defendant.

Civ. A. No. 84–4088.

United States District Court,
D. New Jersey.

Sept. 20, 1985.

As Amended March 12, 1986.

David K. Long, Valore, McAllister, West-
moreland, Gould, Vesper & Schwartz,
Northfield, N.J., for plaintiff.

U.S. Atty. Thomas W. Greelish by Irene
Dowdy, Asst. U.S. Atty., Trenton, N.J., for
defendant.

OPINION

GERRY, District Judge.

This action arises out of a slip-and-fall
accident that occurred outside a post office.
The litigation is thus governed by the Fed-
eral Tort Claims Act (FTCA), 28 U.S.C.
§§ 1346(b), 2401, 2671, *et seq.* The com-
plaint alleges that on October 14, 1982,
plaintiff tripped and fell in the parking
area of the Northfield, New Jersey Post
Office. Plaintiff filed an administrative
claim with the Postal Service in accordance

with 28 U.S.C. §§ 2401(b) and 2675(a). By letter dated April 13, 1984, the Postal Service offered to settle the case for $2,000. The letter stated that if this offer was not acceptable to plaintiff, her claim was denied, and she had six months from the date of the letter to file suit in the appropriate district court.

Plaintiff's complaint was filed in this court on October 10, 1984, within the six-month period specified by 28 U.S.C. § 2401(b). The United States Postal Service appears as the only named defendant. Three and one-half months after the filing of the complaint, plaintiff's counsel attempted to effect service by mailing to the United States Attorney's Office a copy of the summons and complaint. Plaintiff also sent a copy of the summons and complaint to the Attorney General of the United States.

■ This case is presently before the court on defendant's motion to dismiss the complaint for lack of subject matter jurisdiction, without leave to amend. Defendant's argument is quite straightforward. First, defendant notes that under the relevant provisions of the FTCA, 28 U.S.C. §§ 1346(b), 2679(a), the United States is the only proper defendant in a suit for personal injuries arising out of the negligence of federal employees. *Allen v. Veterans Administration*, 749 F.2d 1386, 1388 (9th Cir. 1984). Individual agencies of the United States may not be sued in their own name in such a case. *Id.* Furthermore, strict adherence with the terms and requirements of the FTCA is jurisdictional and cannot be waived. *Bialowas v. United States*, 443 F.2d 1047, 1048–49 (3d Cir.1971). Since the Postal Service is clearly a "federal agency" within the broad definition of that term in § 2671, *Myers & Myers, Inc. v. United States Postal Service*, 527 F.2d 1252, 1256 (2d Cir.1975), since such an agency is not a proper defendant to this action, and since the United States has not been named as a defendant here, the court agrees that the instant action must be dismissed for lack of subject matter jurisdiction.

■ The second prong of the Government's argument is that this dismissal should be with prejudice because the statute of limitations governing institution of suit against the United States under the FTCA has already expired, and because an amendment to substitute the United States as a defendant would not relate back to the initial filing of the complaint. Federal Rule of Civil Procedure 15(c) permits relation back of an amendment changing the party against whom the claim is asserted only if that party has received notice of the action "within the period provided by law for commencing the action against him...." In actions brought under the FTCA, courts have consistently held that unless the United States received actual notice, *within* the six-month statutory period after denial of the administrative claim, that a suit had been filed against an improper party (e.g., an agency), the United States cannot thereafter be substituted as the correct party defendant under Rule 15(c). *Allen*, 749 F.2d at 1388–90; *Hughes v. United States*, 701 F.2d 56, 57 (7th Cir.1982); *Carr v. Veterans Administration*, 522 F.2d 1355, 1357–58 (5th Cir.1975). Although the Third Circuit apparently has not yet ruled on the issue, Judge Ackerman of this district recently held that where plaintiffs had named only the Postal Service as a party defendant to an FTCA action and had served the Attorney General and the United States Attorney two months after the expiration of the six-month statutory period, no amendment would be permitted to substitute the United States as defendant under Rule 15(c). *McGinn v. United States Postal Service*, Civil Number 84–3252 (D.N.J. May 21, 1985).

The only contrary authority cited to the court is *Murray v. United States Postal Service*, 569 F.Supp. 794 (N.D.N.Y.1983). In that FTCA case, the original complaint mistakenly named the Postal Service as a defendant. The complaint was served on the United States Attorney's Office two days after expiration of the six-month limitations period. The court permitted the plaintiff to substitute the United States as a party defendant, holding that Rule 15(c) would be interpreted to provide a reason-

able period of time for service of process. With all respect to the court in *Murray,* this court believes that such an interpretation of Rule 15(c) conflicts with the express wording of § 2401(b), which provides that the period of limitations commences with the mailing of the administrative denial and ends six months later.

In the present case, it is undisputed that plaintiff did not give notice of her suit to the Government until late January, 1985, more than nine months after the administrative denial was mailed. Accordingly, under *Allen* and similarly decided cases, the United States cannot be substituted as a party defendant under Rule 15(c). While the court is aware of the apparent harshness of this result, we feel constrained to construe strictly the limited waiver of sovereign immunity which the FTCA represents.

In sum, the defendant's motion to dismiss this complaint for lack of subject matter jurisdiction, without leave to amend, is granted.

An appropriate order has been entered.