Ruth **HANNON** and **Edward Hannon, Plaintiffs,**

v.

**UNITED STATES POSTAL SERVICE and United States of America, Defendants.**

No. CV–88–1751 (ILG).

United States District Court, E.D. New York.

Dec. 5, 1988.

Jacob Rabinowitz, New York City, for plaintiffs.

Michael J. Gunnison, Asst. U.S. Atty., Brooklyn, N.Y., for defendants.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

The government has moved, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss this personal injury action brought under the Federal Tort Claims Act and arising from a collision between plaintiff's vehicle and one driven by a Postal Service employee. The grounds for dismissal are (1) that the action is barred by the doctrine of *res judicata,* and (2) that the action is time-barred by certain provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 2401(b) and 2675(a). For the reasons stated below, the government's motion is denied.

## FACTS

The relevant events in this case are as follows:

● October 12, 1984. The collision giving rise to this action occurred.

● May 6, 1986. Plaintiffs filed a personal injury action against the Postal Service (86–CV–1472). ("Hannon I")

● January 29, 1987. This court dismissed Hannon I "without prejudice" pursuant to Fed.R.Civ.P. 4(j), for failure to serve the Postal Service within 120 days of filing the complaint. (Plaintiffs subsequently filed a malpractice action against their attorney based on this failure to effectuate service.)

● December 23, 1987. This court upheld its January 29 order, which had been challenged by plaintiffs' new lawyer.

● May 24, 1988. The Second Circuit upheld this court's dismissal of Hannon I.

● June 1, 1988. Plaintiffs filed the instant action. ("Hannon II")

## DISCUSSION

### A. RES JUDICATA

■ The government claims that this court's January 29, 1987 memorandum and order dismissing Hannon I pursuant to Fed.R.Civ.P. 4(j) bars the reinstitution of the suit on *res judicata* grounds.[1] The government's position is unpersuasive. Fed.R.Civ.P. 4(j) provides only for dismissal without prejudice, and, in any event, the court's opinion in Hannon I expressly stated that the dismissal was "without prejudice," a term reserved under Second Circuit law for the exclusive purpose of indicating that a dismissal lacks *res judicata* effect. *See Elfenbein v. Gulf & Western Industries, Inc.,* 590 F.2d 445, 449 (2d Cir.1978).

Moreover, the Second Circuit, in affirming the dismissal of Hannon I, refused to foreclose the possibility that plaintiffs might reinstitute this lawsuit:

We need not decide whether the plaintiffs are now time-barred from reinstituting their suit. *See* 28 U.S.C. §§ 2401(b), 2675. Specifically, we do not decide whether the filing of a complaint that was not served terminated or merely temporarily suspended the obligation of the Postal Service to notify the plaintiffs of the denial of their claims.

*Hannon v. United States Postal Service,* No. 87–6033, slip op. at 3–4 (2d Cir., May 24, 1988) [849 F.2d 1467 (table)].

There having been no prior adjudication on the merits of this action, the govern-

---

**1.** The government further argues that this court dismissed Hannon I pursuant to Fed.R.Civ.P. 41(b), which "operates as an adjudication upon the merits" under the Rule's express terms. Fed.R.Civ.P. 41(b) states, in relevant part:

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.... *Unless the court in its order for dis-*

*missal otherwise specifies,* a dismissal under this subdivision ... operates as an adjudication upon the merits. *Id.* (emphasis added).

Thus, even assuming *arguendo* that this court dismissed Hannon I pursuant to Fed.R.Civ.P. 41(b), the government's argument fails because the court "otherwise specifie[d]" in its order that the dismissal was "without prejudice."

ment's motion to dismiss on *res judicata* grounds must be denied.

## B.  STATUTE OF LIMITATIONS

█  The government claims that Hannon II is time-barred by certain provisions of the Federal Tort Claims Act (namely, 28 U.S.C. §§ 2401(b) and 2675(a)).

The Federal Tort Claims Act requires claimants in the first instance to attempt to settle the claim with the agency allegedly responsible for the injury.  Thus, the statutory scheme requires claimants (1) to present their claims to the agency within *two years* of the time the claim accrued,[2] 28 U.S.C. § 2401(b)[3]; and (2) to wait for written agency denial of those claims before filing a lawsuit.  28 U.S.C. § 2675(a).[4] However, if the agency fails to dispose of the claim within six months, the claimant, at "any time thereafter," may *deem the claim denied* and file suit without awaiting formal agency denial.  *Id.*

In addition to these procedures for dealing with the agency, the statutory scheme contains a six-month statute of limitations for commencing an action, which begins to run only when the claim has been formally denied by the agency to which it was presented.  28 U.S.C. § 2401(b).

In the present case, the parties do not dispute that the agency (the United States Postal Service) has never mailed a written notice of denial of the claim.

The government argues, however, that the six-month period for commencing a lawsuit after agency denial began to run on May 6, 1986, when the plaintiffs, by filing Hannon I without waiting for a written notice of denial, exercised their option to deem the claim denied under § 2675(a). Thus, by the time Hannon II was filed in June 1988, the six-month period for commencing a lawsuit after agency denial had long since run.[5]

Plaintiffs dispute the government's contentions about the six-month statute of limitations, arguing that since the Postal Service still has not mailed a formal notice of denial of the claim, they once again can deem the claim constructively denied and proceed under § 2675(a).

Thus, the issue for decision is whether plaintiffs, by exercising their option in Hannon I to deem the claim denied under § 2675(a), thereby triggered the running of the six-month period for filing an action after agency denial.[6]

---

**2.**  The claim accrues when the act or omission complained of produces an injury—here, on the date of the collision, October 12, 1984.  *Peck v. United States,* 470 F.Supp. 1003, 1018 (S.D.N.Y. 1979).

**3.**  Section 2401(b) states:
A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

**4.**  Section 2675(a) states, in relevant part:
An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final

disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

**5.**  This argument, while not raised directly in the government's brief on this motion, was presented to the Second Circuit in plaintiffs' appeal of the order dismissing Hannon I.  See Affidavit of Jacob Rabinowitz, dated November 8, 1988 ["Rabinowitz Aff."], Exhibit A.

**6.**  In its brief in support of this motion, the government claimed that Hannon II is somehow barred by § 2401(b) because it was filed more than two years after the claim accrued. In making this argument, the government apparently confused the two-year limitation on *presenting the claim to the agency* with the six-month limitation on *filing an action after agency denial* of the claim.  The government's confusion is understandable since, through some quirk of legislative drafting, these two quite dissimilar provisions are both contained in § 2401(b).  However, the government conceded at oral argument that the claim was presented to the Postal Service within the two-year period, so that the two-year provision of § 2401(b) presents no bar to Hannon II.

Neither of the parties have offered any relevant law on this central question, nor has the court found any. However, close reading of the statute and consideration of its function and purpose require this court to conclude that the six-month limitation period was not triggered by the filing of Hannon I, and that plaintiffs again are entitled to deem the claim denied and to proceed with their action.

First, § 2675(a) expressly states that plaintiffs may exercise their option to deem the claim denied *"at any time"* after six months of agency inaction have elapsed. (Emphasis added). Thus, the express terms of the statute make clear that *no* statute of limitations for commencing an action applies as long as the agency has failed to give notice of denial.[7] Accordingly, § 2675(a) must be read as replacing the six-month limitation period of § 2401(b), which applies only where the agency *does* act within six months, with a rule that the claim may be deemed denied and a lawsuit filed "at any time" where the agency *fails* to act within six months.

Second, § 2675(a) expressly states that the claim is only deemed denied "for purposes of *this section*" (*id.,* emphasis added)—so that a "deemed denial" pursuant to § 2675(a) could not possibly trigger the six-month limitation period, which is contained in an entirely *different* section (namely, § 2401(b)). The government is asking this court to ignore this language. Moreover, the government would have this court rewrite § 2401(b) by incorporating a reference to § 2675(a), so that § 2401(b) now would read:

> Not only has the government conceded its error on this point, but plaintiffs have submitted copies of correspondence between the Postal Service and plaintiffs' first lawyer establishing that the Postal Service received written notice of the claim no later than May 23, 1986, well within the two-year period. *See* Rabinowitz Aff., Exhibits B and C.

7. While it may seem odd that the Postal Service's failure to formally deny the claim effectively eliminates the six-month statute of limitations, it should be noted that the Postal Service remains free to issue a formal denial at any time, thus protecting itself from any prejudice due to the staleness of the claim and the attendant loss of evidence.

A tort claim against the United States shall be forever barred unless ... [an] action is begun

*[a] within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented,*

*or*

*[b] within six months after the claimant in any way exercises his option to deem the claim denied pursuant to § 2675(a).*

Third, the court finds it illogical, if not inequitable, that § 2675(a), which is designed to *benefit* plaintiffs by excusing them from waiting for an agency denial prior to filing suit, should now be invoked to the *detriment* of plaintiffs whose actions have been dismissed without prejudice for reasons unrelated to the merits of their claims—especially where, as here, such dismissal may have resulted from legal malpractice. Moreover, the government's interpretation of § 2675(a) would only preclude refiling of an action dismissed without prejudice when the interval between filing and refiling exceeds six months. Thus, a provision designed to permit a claimant to pursue her remedy where the appropriate federal agency is dilatory in making a determination of her claim would, instead, defeat her claim where the government delays in moving to dismiss her claim under Fed.R.Civ.P. 4(j), or where the court does not make an immediate disposition of such a motion, thus making it impossible to refile the action within six months.[8]

8. The legislative history of § 2675(a)'s "deemed denial" provision supports the view that Congress intended the provision to expedite the claims of plaintiffs who might otherwise face administrative delays.

The House Report accompanying the legislation which became § 2675(a) stated that a major purpose of that legislation was to "mak[e] it possible for the Government to *expedite* the fair settlement of tort claims asserted against the United States." H.Rep. No. 1532, 89th Cong., 2d Sess., *reprinted in* 1966 U.S.Code Cong. & Admin.News 2515, 2516 (emphasis added). Congress hoped to accomplish this through the introduction of "more *expeditious* procedures [that would] have the effect of reducing the number of pending claims which may become

At oral argument, the government appeared to take a new, more aggressive, and even less persuasive position regarding the operation of § 2675(a) in this litigation. Now the government appears to be claiming that a plaintiff can only "deem" a claim denied under that provision *once*, and that the plaintiffs used up their one opportunity to "deem" their claim denied when they filed Hannon I. Under this view, a plaintiff who exercises his option to deem the claim denied and files an action which subsequently is dismissed without prejudice can *never* reinstitute the action, even if he attempts to do so *the day after* he filed the first action. Thus, under the government's interpretation, plaintiff's use of the "deemed denial" provision would automatically convert any subsequent dismissal without prejudice into a dismissal with prejudice. For all the reasons discussed above, the government's argument must be rejected.

The government has asked this court to treat the dismissal without prejudice of Hannon I differently from every other such dismissal. In support of this position, it has offered no convincing statutory construction or policy objective.

The court holds that plaintiffs may once again exercise their option to deem their claim denied and to proceed with the action pursuant to § 2675(a). Accordingly, the government's motion is denied in its entirety.

SO ORDERED.

---

stale and *long delayed because of the extended time required for [agency] consideration." Id.* (emphasis added).

In discussing the "deemed denial" provision at issue in this case, the Report noted that, while "the great bulk of claims" can be evaluated by the defendant federal agency within the six months allotted, some "difficult tort claims" might not be capable of agency resolution within that time period. Nevertheless, the Report stated that the House Judiciary Committee "does not believe that this [six-month] period ought to be enlarged to attempt to insure time for final [agency] decision on all claims." *Id.* at 2518–19.

Thus, the legislative history indicates that by enacting the "deemed denial" provision of § 2675(a), Congress intended to spare claimants from having to wait more than six months to obtain an agency denial before filing suit, even though Congress knew this would result in litigation over some claims which might otherwise be settled.