Joseph McKENITH, Plaintiff,

v.

UNITED STATES of America, United States Postal Service, and Samuel Banks, Jr., Defendants.

Civ. A. No. 90–2662.

United States District Court, D. New Jersey.

Sept. 1, 1991.

Michael Chertoff, U.S. Atty. for New Jersey by Anthony J. La Bruna, Jr., Sp. Asst. U.S. Atty., Newark, N.J., for plaintiff.

William J. Ewing, Montclair, N.J., for defendants.

HAROLD A. ACKERMAN, District Judge:

This matter comes before the court on the motion of the defendant United States to dismiss the complaint for lack of jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Specifically, the government argues that plaintiff's complaint is barred by the statute of limitations contained in the Federal Tort Claims Act. See 28 U.S.C. § 2401(b) (1988). Joseph McKenith ("McKenith") opposes the government's motion and contends his complaint is timely. For the reasons set forth below, I grant the government's motion and dismiss McKenith's complaint in its entirety.

I. Background

On October 5, 1987, a Post Office Truck allegedly driven by Samuel Banks collided with McKenith's car. Contending that the accident was caused by Bank's negligence, McKenith filed a notice of claim with the Post Office as required by the Federal Tort Claims Act. See 28 U.S.C. § 2675(a) (1988). The parties agree and this court acknowledges that the Post Office failed to issue a final determination on McKenith's claim within six months of its submission.

Pursuant to the Federal Tort Claims Act, a claimant who has submitted a claim to an appropriate federal agency may commence an action against the United States if the agency does not issue a final denial within six months of the claim's submission. See 28 U.S.C. § 2675(a) (1988). Accordingly, on June 15, 1989, McKenith filed his original complaint with this court, naming the United States as a defendant. Federal Rule of Civil Procedure 4(j) gives a plaintiff 120 days from the date a complaint is filed to effectuate proper service on any defendant. McKenith did not serve the United States Attorney until January 17, 1990, more than 120 days after the filing of his original complaint. On May 29, 1990, Judge Devevoise of this court dismissed McKenith's original complaint for insufficient service. McKenith refiled this action on July 6, 1990 and served the United States Attorney in a timely manner.

II. Discussion

Pursuant to the Federal Tort Claims Act:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or *unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.*

28 U.S.C. § 2401(b) (1988) (emphasis added). The Act also provides that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." Id. § 2675(a). The pivotal issue before this court is whether these two provisions should be read together or separately. Put differently, this court must decide whether or not the six month statute of limitation period set forth in section 2401(b) is triggered when a claimant exercises his option to deem a federal agency's inaction regarding his claim a final denial and commences suit as permitted by section 2675(a). If it does, then McKenith's second complaint is barred because the six month period had long elapsed by the time it was filed. If it does not, then McKenith's claim is timely.

Upon a careful review of these two provisions within the Federal Tort Claims Act, their legislative history, and the relevant caselaw, I conclude that the six month statute of limitations period IS triggered when a claimant exercises his option to

deem an agency's inactivity a final denial of his claim and commences suit. To begin with, Section 2675(a) clearly provides for alternative definitions of a "final denial." For the first six months after a claim is filed, only a federal agency may issue a final denial. The legislative history of this provision indicates that Congress intended this period to be used to settle tort claims prior to the institution of a civil action. See, e.g., Sen.Rep. No. 1327 at 5–8, 89th Cong., 2d Sess. 6, [1966] U.S.Code Cong. & Admin.News 2515–18; *Tucker v. United States*, 676 F.2d 954, 958 (3rd Cir.1982). However, when this period expires without agency action, section 2675(a) provides a claimant with an equivalent power, namely the power to deem an agency's failure to act a final denial.[1] In either case, the purpose and, hence, effect of the final denial is to end the administrative process and permit the claimant to seek resolution of his claim in court. Id.

Despite section 2675(a)'s provision for alternative types of final denials, section 2401(b) sets forth a six month statute of limitation period which is explicitly applicable only to actual denials by an agency. However, an analysis of the two types of final denials indicates that section 2401(b)'s narrow scope is more reflective of the practical difference between the two types of final denials rather than any legal one. More specifically, when an agency actually denies a claim, the claimant must still file suit if he wishes to pursue his claim. Put differently, the denial itself and the commencement of suit constitute separate actions taken by different parties. In these instances, a statute of limitations provision has real meaning because it defines what is the permissible length of time between these two separate actions. By contrast, when a claimant exercises his option to deem his claim constructively denied, he does so by commencing suit. In other words, there is no initial time gap between the denial and the commencement of suit because they are both expressed by the same action. Accordingly, when a claimant has deemed his claim constructively denied by a federal agency, a statute of limitations provision would usually have little applicability.

■ Of course, this is not the usual case. Through his own error, McKenith rendered his initial commencement of suit ineffective and thereby created a gap between the time he deemed the Post Office's inaction a constructive denial of his claim and the time when he instituted suit for the second time. Nevertheless, he argues the six month statute of limitation period should not be applied to him because his situation is not explicitly encompassed within section 2401(b)'s scope. Again, I disagree. As the Supreme Court has noted, "[i]t is a well-established canon of statutory construction that a court should go beyond the literal language of a statute if reliance on that language would defeat the plain purpose of the statute." See *Bob Jones University v. United States*, 461 U.S. 574, 586, 103 S.Ct. 2017, 2025, 76 L.Ed.2d 157 (1983). In this instance, the plain purpose of section 2401(b) is to define and limit the time period during which an individual may institute a tort action against the government. Accordingly, claimants who actually receive a final denial from a federal agency must comply with this requirement. Similarly, in the usual case, claimants who deem the agency's inaction a constructive final denial automatically comply with it. This court sees no reason why McKenith should be placed in a more favorable position than these other claimants. Nor has this court found any indication that Congress intended for such distinctions among claimants to be made. Therefore, this court concludes that the six month statute of limitation provision not only applies to claimants who have actually received a final denial from a federal agency but also applies to those who have deemed an agency's inaction a constructive final denial of their claim. Accordingly, since McKenith instituted the

---

1. McKenith also argues that section 2675(a) provides him with repeated options to deem an agency's inaction a constructive final denial of his claim. I disagree. Section 2675(a) refers to "the option" of a claimant. This court interprets this wording to mean that the claimant has one opportunity to deem an agency's inaction a final denial of his claim.

present action over eighteen months after he initially deemed the Post Office's inaction a constructive denial of his claim and over a year after his first action was dismissed, this court finds that his complaint against the United States is time barred and must be dismissed.

This reading of sections 2675(a) and 2401(b) finds support in the Seventh Circuit. More specifically, in *Miller v. United States*, 741 F.2d 148 (7th Cir.1984), the Seventh Circuit reasoned:

> [I]f a federal agency fails to finally dispose of a properly made claim within six months of its presentation, the claimant has the option to treat the inaction as a constructive final denial. 28 U.S.C. § 2675(a). Since the Postal Service never finally denied plaintiff's August 19, 1981 demand letter, she could exercise this option at any reasonable time after February 19, 1982. This she did on March 8, 1982, when she filed her original complaint in federal court. *Plaintiff then had six months to bring a lawsuit against the United States.*

*Id.* at 150; see also *Taumby v. United States*, 902 F.2d 1362 (8th Cir.1990) (After the six month period in which an agency has exclusive right to issue a final denial expires, a claimant has only a reasonable time period in which to deem the agency inaction a constructive final denial of his claim. One year is not a reasonable period.). It is contrary to the holding of the District Court for the Eastern District of New York in *Hannon v. United States Postal Service*, 701 F.Supp. 386 (E.D.N.Y.1988), However, for all the foregoing reasons, *Hannon* is a decision with which this court most respectfully disagrees.[2]

■ Finally, this court also dismisses McKenith's complaint against defendants United States Postal Service and Samuel Banks. As the United States correctly pointed out, the Federal Tort Claims Act is McKenith's stated basis of jurisdiction. However, it does not provide this court with subject matter jurisdiction over any other defendant but the United States. See 28 U.S.C. §§ 1346, 2679. Indeed, as a matter of law, the United States Postal Service is never a proper defendant in a tort action. Id. McKenith also has failed to state any independent basis of jurisdiction over Samuel Banks and, in the absence of any other federal claim, this court declines to exercise its pendant jurisdictional authority over him.[3]

### Conclusion

For all the foregoing reasons, McKenith's complaint is dismissed.

---

**2.** As his last argument, McKenith contends that the interpretation of sections 2675(a) and 2401(b) which this court ultimately adopts is so far removed from their plain meaning as to render unconstitutionally vague. Since I have previously found that my interpretation of these provisions is in accordance with their plain meaning rather than contrary to it, I do not find his argument persuasive.

**3.** This court also notes that McKenith has not indicated that he has effectuated service of process on either the United States Post Office or Samuel Banks. Under Federal Rule of Civil Procedure 4(j), he cannot now do so.