Gloria E. MARTINEZ and Ursulo Hernandez, Plaintiffs,

v.

UNITED STATES POST OFFICE, Orlando J. Chandler, Jr., John Doe 1–X and The ABC Company 1–X (said names being fictitious), Defendants.

Civ. A. No. 94–883 (AJL).

United States District Court, D. New Jersey.

Jan. 23, 1995.

Richard J. Kagan, Garces & Grabler, Plainfield, NJ, for plaintiffs.

Faith S. Hochberg, U.S. Atty., Susan Handler–Menahem, Asst. U.S. Atty., Newark, NJ, for defendants.

## OPINION

LECHNER, District Judge.

This is an action brought by plaintiffs Gloria E. Martinez ("Martinez") and Ursulo Hernandez ("Hernandez") (collectively, the "Plaintiffs") against defendants United States Postal Office (the "Postal Service"), Orlando J. Chandler, Jr. ("Chandler"), John Doe ("Doe") and ABC Company ("ABC") (collectively, the "Defendants") for damages stemming from alleged personal injuries suffered in an automobile accident. *See* Complaint, filed 23 February 1994 (the "Complaint"). Jurisdiction is alleged pursuant to 28 U.S.C. § 2401, *see* Complaint, ¶ 3, a provision governing the timing of filing an action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*.

Currently before the court is the motion by the Defendants to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction and failure to timely effectuate service of process, pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure. Also, before the court is the cross-motion by the Plaintiffs to amend the Complaint to name the United States of America as a defendant.[1] For the reasons set forth below, the Defendants' motion to dismiss is granted pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure based on the court's lack of subject matter jurisdiction to hear the instant matter; the Plaintiffs' cross-motion is denied.

*Facts*

On or about 24 February 1992, the Plaintiffs allege Chandler "while within the scope of his employment for the ... [Postal Service,]" was driving a Postal Service vehicle in a negligent and/or reckless manner and struck an automobile which was driven by Martinez and owned by passenger Hernandez. *Id.*, ¶ 4. Plaintiffs further allege they sustained injuries and damages as a result of Chandler's negligence and the negligence of the Postal Service for "not properly checking the credentials of their employees prior to entrusting them with one of their vehicles...." *Id.*, ¶ 5.

On 30 July 1992, the Postal Service received a letter from counsel for Plaintiffs, dated 28 July 1992 (the "28 July 1992 Letter"), which purported to give notice of the Plaintiffs' claim against the Defendants. Garces Aff., ¶ 3 and Exhibit A; Bartholf Dec., ¶ 3 and Exhibit 1. The Postal Service, by letter dated 30 July 1992 (the "30 July 1992 Letter"), provided counsel for Plaintiff with blank SF–95 claim forms and instructions, including a telephone number to call for assistance, regarding the filing of an administrative tort claim. Bartholf Dec., ¶ 3 and Exhibit 2; Garces Aff., ¶ 3.

According to counsel to Plaintiffs: "The claim was completed, containing a response providing the amount of the claim, duplicating the information provided by the ... [28 July 1992 Letter], signed by the [Plaintiffs,] and returned to the U.S. Post Office by myself." Garces Aff., ¶ 3 and Exhibit B (attaching copies of the Plaintiffs' SF–95 claim forms (the "Plaintiffs' Claim Forms")). Plaintiffs allege "[t]hereafter, the Postal Service failed to act on the [Plaintiffs'] [C]laim [Forms], and the Complaint was filed on February 23, 1994." *Id.*, ¶ 4.

The Postal Service alleges that service of the Complaint on the Plainfield, New Jersey

---

1. In support of their motion to dismiss and in opposition to the Plaintiffs' cross-motion, Defendants submitted:

Memorandum of Law in Support of Defendants' Motion to Dismiss (the "Moving Brief"), attaching Exhibits A through D; Declaration of Frank Bartholf, Esq., (the "Bartholf Dec."), attaching Exhibits 1 through 3; Declaration of Susan Handler–Menahem (the "Handler–Menahem Dec."), attaching Exhibits 1 through 3; Brief of Defendants in Further Support of their Motion to Dismiss and in Opposition to Plaintiffs' Motion to Amend (the "Reply Brief").

In Opposition to the Defendants' motion to dismiss and in support of their cross-motion to amend the Complaint, the Plaintiffs submitted: Memorandum of Law in Opposition to Defendants' Motion to Dismiss and in Support of Plaintiffs' Cross–Motion to Amend the Complaint to Name United States of America as a Party Defendant (the "Opp.Brief"); Affidavit of William J. Garces in Opposition of Defendants' Motion to Dismiss and in Support of Plaintiffs' Cross–Motion to Amend the Complaint to Name United States of America as a Party Defendant (the "Garces Aff."), attaching Exhibits A through K.

Post Office on 23 May 1994 was the Postal Service's "next notice of [P]laintiffs' continuing intention to pursue tort claims...." Bartholf Dec., ¶ 4.

Counsel for Defendants, by letter dated 2 August 1994, informed counsel to Plaintiffs of the Defendants contention that pursuant to Rule 4(i) of the Federal Rules of Civil Procedure, the attempted service on the Postal Service in Plainfield, New Jersey was improper. Handler–Menahem Dec., ¶ 2 and Exhibit 1.

Plaintiffs allege a copy of the Complaint was forwarded to the Attorney General of the United States, who acknowledged receipt on 19 August 1994, Garces Aff., ¶ 10 and Exhibit I, and to the office of the Attorney General of the United States, in Trenton, New Jersey, who acknowledged receipt on 18 August 1994. *Id.*, ¶ 11 and Exhibit J. On 22 August 1994, the Complaint was received by the office of the Attorney General of the United States, in Newark, New Jersey. *Id.*, ¶ 12; Handler–Menahem Dec., ¶ 4. On 1 November 1994, counsel to Defendants alleges she telephoned the Civil Division of the United States Department of Justice in Washington and was informed there was no record of service on the Attorney General in the instant matter. Handler–Menahem Dec., ¶ 5.

In the instant motion, Defendants contend the United States is the only proper defendant in this action and therefore the Complaint should be dismissed for lack of jurisdiction as against the Postal Service and Chandler. Moving Brief at 3–4. Next, the Defendants argue the court lacks jurisdiction over the Complaint because the Plaintiffs failed to file an administrative claim under the FTCA within the requisite time period. *Id.* at 5–7. Finally, the Defendants contend the Complaint must be dismissed because the Plaintiffs failed to timely effect service of process. *Id.* at 8–14.

Plaintiffs contend dismissal of the Complaint as against Chandler is premature because it has not yet been determined whether he was acting within the scope of his employment—a requirement for statutory immunity under the FTCA. Opp.Brief at 3–4. Plaintiffs further argue they timely filed an administrative claim with the Postal Service in compliance with the FTCA. *Id.* at 5–6. Additionally, Plaintiffs argue service of process on the named defendants has been done properly and in a timely fashion, and they should be permitted to amend the Complaint to substitute the United States as a defendant because failure to do so was harmless error and no prejudice would result. *Id.* at 7.

*Discussion*

A. *Standard of Review Under Rule 12(b)(1)*

■ A challenge to the court's subject matter jurisdiction under Rule 12(b)(1) differs from an attack on the merits pursuant to Rule 12(b)(6) or Rule 56 of the Federal Rules of Civil Procedure. Rule 12(b)(1) does not afford a plaintiff all the procedural safeguards provided by Rule 12(b)(6) and Rule 56. Instead, Rule 12(b)(1) challenges a plaintiff's right to be heard in Federal court. Limited procedural safeguards exist depending on the type of Rule 12(b)(1) motion.

■ There are two types of Rule 12(b)(1) motions, those which "attack the complaint on its face" and those which "attack the existence of subject matter jurisdiction in fact, quite apart from any pleading." *Mortensen v. First Federal Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977); *Schwartz v. Medicare,* 832 F.Supp. 782, 787 (D.N.J.1993); *Donio v. United States,* 746 F.Supp. 500, 504 (D.N.J.1990); *Frankford Hosp. v. Davis,* 647 F.Supp. 1443, 1445 (E.D.Pa.1986). The facial attack offers a safeguard to the plaintiff similar to a Rule 12(b)(6) motion; the allegations of the complaint are considered to be true. *Mortensen,* 549 F.2d at 891.

■ For a Rule 12(b)(1) motion addressing the existence of subject matter jurisdiction, no presumptive truthfulness attaches to a plaintiff's allegations. *Id.* Accordingly, unlike a Rule 12(b)(6) motion, consideration of a Rule 12(b)(1) jurisdiction-type motion need not be limited; conflicting written and oral evidence may be considered and a court may "decide for itself the factual issues which determine jurisdiction." *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.), *cert.*

*denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). This type of a Rule 12(b)(1) motion need not be converted into a Rule 56 motion when extra pleading materials are considered. *Williamson,* 645 F.2d at 416; *Frankford Hosp.,* 647 F.Supp. at 1445.

Although motions pursuant to Rule 12(b)(1) and Rule 12(b)(6) are distinct, often jurisdictional issues are intertwined with the merits of a case. "Where an attack on jurisdiction implicates the merits of a plaintiff's [F]ederal cause of action, the district court's role in judging the facts may be more limited...." *Williamson,* 645 F.2d at 413 n. 6.

> Where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a [F]ederal cause of action, the proper course of action for the district court (assuming that the plaintiff's [F]ederal claim is not immaterial and made solely for the purpose of obtaining [F]ederal jurisdiction and is not insubstantial and frivolous) is to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case.

*Id.* at 415 (citing *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946)). As further explained by *Williamson,* however, "a jurisdictional attack which does *not* implicate the merits of any [F]ederal cause of action is not bound by [this] ... standard." 645 F.2d at 415 n. 9 (emphasis in original).

■ A Federal court has broad power to decide whether it has jurisdiction to hear a case and may make factual findings which are decisive to the issue of jurisdiction. *Id.* at 413. The burden of demonstrating the existence of Federal jurisdiction is on the party seeking to invoke it. *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir.), *cert. denied,* 501 U.S. 1222, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991); *Mortensen,* 549 F.2d at 891. In this aspect of the instant motion, the challenge is to the existence of subject matter jurisdiction.[2] Additionally, the instant motion to dismiss attacks the Complaint on its face, while not addressing the merits of the Plaintiffs' case.

### B. *Sovereign Immunity*

■ "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983). Moreover, " 'the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.' " *United States v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (quoting *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941)), *reh'g denied,* 495 U.S. 941, 110 S.Ct. 2195, 109 L.Ed.2d 523 (1990); *see Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981). The conditional sovereign immunity of the United States extends to its branches and agencies, including the Postal Service. *See Franchise Tax Board v. United States Postal Service,* 467 U.S. 512, 517–18, 104 S.Ct. 2549, 2552–53, 81 L.Ed.2d 446 (1984) (suit against Postal Service requires waiver of sovereign immunity); *see also Loeffler v. Frank,* 486 U.S. 549, 554, 108 S.Ct. 1965, 1968–69, 100 L.Ed.2d 549 (1988) (same).

■ Congress has effected a limited waiver of sovereign immunity with respect to suits against the Postal Service. Pursuant to section 401 of the Postal Reorganization Act of 1970 ("PRA"), 39 U.S.C. §§ 101 *et seq.,* the Postal Service has the power "to sue and be sued in its official name." 39 U.S.C. § 401(1). This section has been recognized as a broad but not unlimited consent on the part of the United States to suits against the Postal Service. *See Loeffler,* 486 U.S. at 554, 108 S.Ct. at 1968–69; *Franchise Tax Board,* 467 U.S. at 519, 104 S.Ct. at 2553.

> The PRA's waiver of immunity is inapplicable where the suit at issue is of a type not consistent with the statutory or constitutional scheme, [where] an implied restriction of the general authority [to sue and be sued] is necessary to avoid grave interference with the performance of a governmental function, or [where] for oth-

---

2. Because the instant dismissal is based upon lack of subject matter jurisdiction, it is not necessary to address the Defendants' contentions that

dismissal is also proper because of a lack of personal jurisdiction and untimely service of process.

er reasons it was plainly the purpose of Congress to use the "sue and be sued" clause in a narrow sense.

*Loeffler,* 486 U.S. at 554, 108 S.Ct. at 1969 (citing *Franchise Tax Board,* 467 U.S. at 517–18, 104 S.Ct. at 2552–53); *see Commonwealth of Pennsylvania, Dep't of Envtl. Resources v. United States Postal Service,* 13 F.3d 62, 69 (3d Cir.1993) ("[W]e hold that the 'sue-and-be-sued' provision in the PRA waives the Postal Service's immunity from civil penalties unless one of the exceptions set out in *Franchise Tax Board* and *Loeffler* applies."). The immunity of the Postal Service from a particular suit is therefore dependent on the type of suit brought. *See Loeffler,* 486 U.S. at 554, 108 S.Ct. at 1968–69.

### 1. *The Instant Negligence Action*

■ In the instant case, the Complaint alleges Plaintiffs sustained injuries and damages from Chandler's negligent operation of a Postal truck, "while within the scope of his employment," and from the Postal Service's negligent hiring or supervision of Chandler. Complaint, ¶¶ 4–5. The instant action, is therefore one in tort, asserting that the Postal Service and Chandler were negligent. *Id.*

The PRA has established certain limitations on tort actions brought against the Postal Service. Section 409(c) of the PRA provides: "The provisions of chapter 171 and all other provisions of title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service." 39 U.S.C. § 409(c). Chapter 171 of title 28 contains the FTCA. *See* 28 U.S.C. §§ 2671 *et seq.*

Pursuant to the FTCA, the United States has given its consent to be sued in tort under certain limited circumstances. *See* 28 U.S.C. § 2674 (setting forth "liability of United States"); *Livera v. First National State Bank of New Jersey,* 879 F.2d 1186, 1194 (3d Cir.) (FTCA "constitutes a waiver of sovereign immunity...."), *cert. denied sub nom Livera v. U.S. Small Business Association,* 493 U.S. 937, 110 S.Ct. 332, 107 L.Ed.2d 322 (1989). Section 2679 of title 28 provides:

(a) The authority of any [F]ederal agency to sue and be sued in its own name shall not be construed to authorize suits against such [F]ederal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

28 U.S.C. § 2679(a).

Further, 28 U.S.C. § 1346(b) provides:

Subject to the provisions of chapter 171 of this title, the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the [Federal] Government while acting within the scope of his [or her] office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

In the instant action the Complaint alleges the Postal Service was negligent "in not properly checking the credentials of their employees prior to entrusting them with one of their vehicles, causing [P]laintiffs to sustain injuries and damages." Complaint, ¶ 5. Plaintiffs also allege the Postal Service is responsible for their injuries and damages sustained as a result of the negligence of Chandler. *Id.,* ¶¶ 7–8.

In a similar case, *McKenith v. United States,* 771 F.Supp. 670 (D.N.J.1991), the plaintiff ("McKenith") brought an action under the FTCA alleging negligence stemming from an automobile accident with a Postal Service truck. *Id.,* at 671. The court dismissed McKenith's complaint against the Postal Service holding the FTCA "does not provide this court with subject matter jurisdiction over any other defendant but the United States. Indeed, as a matter of law, the United States Postal Service is never a proper defendant in a tort action." *Id.* at 673 (citing 28 U.S.C. §§ 1346, 2679); *see also Dilg v. United States Postal Service,* 635 F.Supp. 406, 407 (D.N.J.1986) ("[T]he United States is the only proper defendant in a suit for personal injuries arising out of the negligence of [F]ederal employees. Individual

agencies ... may not be sued in their own name in such a case.").

According to the express language of the FTCA, the Postal Service is immunized from the instant negligent suit based on the doctrine of sovereign immunity. *See* 28 U.S.C. § 2679(a); *McKenith,* 771 F.Supp. at 673; *Dilg,* 635 F.Supp. at 4071; *Gownaris v. United States Postal Service,* No. 87–3403, 1988 WL 61741 at *1 (E.D.Pa. 10 June 1988), *aff'd,* 865 F.2d 250 (3d Cir.1988), *cert. denied,* 489 U.S. 1054, 109 S.Ct. 1316, 103 L.Ed.2d 585 (1989). Accordingly, the court lacks jurisdiction over the subject matter of the Complaint as against the Postal Service. *See Dalm,* 494 U.S. at 608, 110 S.Ct. at 1368.

▮▮ With regard to the liability of Chandler, Section 2679 of the FTCA provides that Federal employees acting within the scope of their employment may not be held personally liable:

> (b)(1) The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the [Federal] Government while acting within the scope of his [or her] office or employment *is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim....*
>
> ....
>
> (d)(1) Upon certification by the Attorney General that the defendant employee was acting within the scope of his [or her] office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title ..., and the United States shall be substituted as the party defendant.
>
> .   .   .   .   .
>
> (4) Upon certification, any action or proceeding subject to paragraph (1) ... shall proceed in the same manner as any action

against the United States filed pursuant to [the FTCA] *and shall be subject to the limitations and exceptions applicable to those actions.*

28 U.S.C. §§ 2679(b)(1), (d)(1), (d)(4) (emphasis added). Section 2679 was enacted to

> provide [F]ederal employees with absolute immunity from liability for common law torts committed within the scope of employment. Congress achieved this purpose by precluding direct actions against [F]ederal employees. Instead, the plaintiff's "exclusive remedy" is an action against the United States under the FTCA.

*Nadler v. Mann,* 731 F.Supp. 493, 495 (S.D.Fla.1990), *aff'd in part, rev'd in part on other grounds,* 951 F.2d 301 (11th Cir.1992); *see Schrob v. Catterson,* 967 F.2d 929, 934 (3d Cir.1992); *Melo v. Hafer,* 912 F.2d 628 at 639 (3d Cir.1990); *Leddy v. United States Postal Service,* 525 F.Supp. 1053, 1054 (E.D.Pa. 1981); *Thomason v. Sanchez,* 398 F.Supp. 500, 504 (D.N.J.1975), *aff'd,* 539 F.2d 955 (3d Cir.1976), *cert. denied,* 429 U.S. 1072, 97 S.Ct. 809, 50 L.Ed.2d 790 (1977).

As indicated, the Plaintiffs contend the instant motion to dismiss the Complaint against Chandler is premature because it has not yet been determined whether Chandler was acting within the scope of his employment with the Postal Service. Opp.Brief at 3. Notwithstanding this argument, as discussed the Complaint alleges Chandler was negligent "while within the scope of his employment." Complaint, ¶ 4. Additionally, the Defendants have on 23 November 1994 filed with their answer (the "Answer") the requisite certification under section 2679 of the FTCA stipulating that Chandler was acting within the scope of his employment as an employee of the United States. *See* Certification of Susan C. Cassell, AUSA, attached to the Answer.

Under the express terms of section 2679 of the FTCA, in the absence of an independent basis of jurisdiction, which is neither alleged nor does one appear appropriate, Chandler is immune from the instant action. *See McKenith,* 771 F.Supp. at 673 (dismissing the complaint against the Postal Service and a Postal Service truck driver, because the

FTCA permits suit only against the United States, not the individual agencies and because there was no allegation of an independent basis of jurisdiction over the Postal Service truck driver); *see also Dilg,* 635 F.Supp. at 407 ("[T]he United States is the only proper defendant in a suit for personal injuries arising out of the negligence of [F]ederal employees."). Accordingly, as with allegations in the Complaint against the Postal Service, the court lacks jurisdiction over the subject matter of the Complaint as against Chandler.[3] *See Dalm,* 494 U.S. at 608, 110 S.Ct. at 1368.

Because the Plaintiffs have cross-moved to amend the Complaint to name the United States of America as a defendant, the next inquiry is whether the Plaintiffs complied with the requirements of the FTCA, so as to permit the court to exercise jurisdiction over the instant action, even assuming permission to amend. As discussed further below, even if the Plaintiffs had properly named the United States as defendant from the outset, or alternatively if now granted leave to amend the Complaint to substitute the same, the Plaintiffs' failure to comply with the requirements of the FTCA deprives the court of subject matter jurisdiction over the Complaint.

### 2. *Exhaustion of Administrative Remedies*

The FTCA's waiver of sovereign immunity is further conditioned on the Plaintiffs having exhausted the available administrative remedies. Pursuant to 28 U.S.C. § 2675,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the [United States] while acting within the scope of his [or her] office or employment, unless the claimant

shall have first presented the claim to the appropriate Federal agency and his [or her] claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . . .

28 U.S.C. § 2675(a).

The time for filing a claim under the FTCA is governed by 28 U.S.C. § 2401(b) which provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

█ Fulfillment of the administrative exhaustion requirement is essential to a court's subject matter jurisdiction over a claim under the FTCA. *See McNeil v. United States,* — U.S. —, —, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993) ("The FTCA bars claimants from bringing suit in [F]ederal court until they have exhausted their administrative remedies. Because petitioner failed to heed that clear statutory command, the [d]istrict [c]ourt properly dismissed his suit."); *Livera,* 879 F.2d at 1194 (explaining that exhaustion "is a jurisdictional requirement not subject to waiver by the government"); *Tucker v. United States Postal Service,* 676 F.2d 954, 959 (3d Cir.1982) (stating in claim against Postal Service, "[n]oncompliance with section 2675 deprives a claimant of [F]ederal court jurisdiction over his or her claim"); *Dilg,* 635 F.Supp. at 407 ("[S]trict adherence with the terms and requirements of the

---

**3.** As for defendants Doe and ABC, neither the Complaint nor any of the Plaintiffs' other submissions make reference concerning who these defendants are or how they may be connected to the instant action or whether they in fact exist. Nonetheless, the court lacks subject matter jurisdiction over Doe and ABC in this FTCA action as well. *McKenith,* 771 F.Supp. at 673 (holding

that the FTCA "does not provide this court with subject matter jurisdiction over any other defendant but the United States." (citing 28 U.S.C. §§ 1346, 2679)); *see also Dilg,* 635 F.Supp. at 407 ("[T]he United States is the only proper defendant in a suit for personal injuries arising out of the negligence of [F]ederal employees.").

FTCA is jurisdictional and cannot be waived."); *see also Price v. United States*, No. 92–7198, 1993 WL 99212 at *2 (E.D.Pa. 2 Apr. 1993) (Plaintiff "had to have filed a claim with the ... Postal Service prior to commencing the present action in [F]ederal court").

The determination as to whether the exhaustion requirement has been fulfilled is made with reference to the applicable agency administrative regulations. *See Tucker*, 676 F.2d at 959 (in tort claim against Postal Service, defining exhaustion requirement with reference to Postal Service regulations); *Price*, 1993 WL 99212 at *3 (same). Section 912.5 of the Postal Service regulations defines the filing of a claim with the Postal Service.

[A] claim shall be deemed to have been presented when the ... Postal Service receives from a claimant, his [or her] duly authorized agent or legal representative, an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.

39 C.F.R. § 912.5.

Section 912.9 of the Postal Service regulations defines a final denial of a claim.

Final denial of an administrative claim shall be in writing and sent to the claimant, his [or her] attorney, or legal representative by certified or registered mail. The notification of final denial ... shall include a statement that, if the claimant is dissatisfied with the agency action, he [or she] may file suit in [a] ... [d]istrict [c]ourt....

39 C.F.R. § 912.9.

In the instant case, it is apparent Plaintiffs have failed to exhaust their administrative remedies before bringing the instant action. It is undisputed that on 30 July 1992, the Postal Service received the 28 July 1992 Letter, purporting to give notice of the Plaintiffs' claim against the Defendants. Garces Aff., ¶ 3 and Exhibit A; Bartholf Dec., ¶ 3 and Exhibit 1. It is further undisputed that the 30 July 1992 Letter provided counsel for Plaintiff with blank SF–95 claim forms and instructions, including a telephone number to call for assistance, regarding the filing of an administrative tort claim. Bartholf Dec., ¶ 3 and Exhibit 2; Garces Aff., ¶ 3.

The Postal Service contends "[P]laintiffs never filed an administrative claim," Moving Brief at 6, and service of the Complaint on the Plainfield, New Jersey Post Office on 23 May 1994 was the Postal Service's "next notice of [P]laintiffs' continuing intention to pursue tort claims...." Bartholf Dec., ¶ 4.

As mentioned, counsel to Plaintiffs alleges: "The claim was completed, containing a response providing the amount of the claim, duplicating the information provided by the ... [28 July 1992 Letter], signed by the [Plaintiffs,] and returned to the U.S. Post Office by myself." Garces Aff., ¶ 3 and Exhibit B (attaching the Plaintiffs' Claim Forms). Plaintiffs allege "[t]hereafter, the Postal Service failed to act on the [Plaintiffs'] [C]laim [Forms], and the Complaint was filed on February 23, 1994." *Id.*, ¶ 4.

The 28 July 1992 Letter does not constitute the filing of a claim before the Postal Service, because it does not contain a request for a "sum certain" in damages. *See* Exhibit A to the Garces Aff.; 39 C.F.R. § 912.5. Notwithstanding the assertions by counsel for Plaintiffs concerning alleged compliance with the FTCA's administrative claim requirement by "returning" the Plaintiffs' Claim Forms to the Postal Service, the Complaint makes no such allegation. The Plaintiffs' subsequent allegations in this regard, despite assuming their truth, fail to meet the exhaustion of administrative remedies requirements of the FTCA.

As indicated, Plaintiffs were required to present their claims to the Postal Service within two years of the accident, which means the Postal Service had to have received Plaintiffs' Claim Forms by 24 February 1994. *See* 28 U.S.C. § 2401(b); 39 C.F.R. § 912.5. Besides the Complaint making no mention at all of the Plaintiffs' Claim Forms, in the instant motion the Plaintiffs do not allege when they were allegedly returned to the Postal Service. *See* Garces Aff., ¶ 3

("The [Plaintiffs'] [C]laim [Forms were] completed, containing a response providing the amount of the claim, duplicating the information provided by the ... [28 July 1992 Letter,] signed by the [Plaintiffs,] and returned to the U.S. Post Office by myself."); Opp. Brief at 5 ("Thereafter, a representative ... completed the [Plaintiffs' Claim Forms] ... and delivered it to the U.S. Post Office.").

Moreover, while the Postal Service had to timely receive an administrative claim, the Plaintiffs have provided no evidence that the Plaintiffs' Claim Forms were mailed nor that they were received, timely or otherwise. Plaintiffs have not provided a copy of a cover letter that might have accompanied the Plaintiffs' Claim Forms, nor have they provided a certified mail receipt or any other evidence of mailing. Additionally, the Plaintiffs' Claim Forms are not dated, nor do they include the name or address of the Postal Service in the space provided on the forms. *See* Garces Aff., Exhibit B.

An additional problem for the Plaintiffs in establishing the exhaustion of administrative remedies is their failure to comply with the requirement that an FTCA action must be commenced within six months after the Postal Service mailed a final denial of the Plaintiffs' Claim Forms. *See* 28 U.S.C. § 2401(b); 39 C.F.R. § 912.9. While, allegedly "returning" the Plaintiffs' Claim Forms to the Postal Service, Plaintiffs allege "[t]hereafter, the Postal Service failed to act on the [Plaintiffs'] [C]laim [Forms], and the Complaint was filed on February 23, 1994." Garces Aff., ¶ 4. During the almost two years between the date of the accident and filing the

Complaint, Plaintiffs allege no receipt of a final denial of the Plaintiffs' Claim Forms.[4]

As the Supreme Court has explained regarding the United States waiver of sovereign immunity: " 'the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.' A statute of limitations requiring that a suit ... be brought within a certain time period is one of those terms." *Dalm,* 494 U.S. at 608, 110 S.Ct. at 1368 (quoting *Sherwood,* 312 U.S. at 586, 61 S.Ct. at 770); *see also Pascale,* 998 F.2d at 193 ("We recognize that because the [FTCA] represents a waiver of sovereign immunity, its provisions [regarding the timing of filing such claims] should be strictly construed."); *Dunn v. United States,* 775 F.2d 99, 103 (3d Cir.1985) ("[T]ime bars with respect to the *filing* of claims against the United States should be strictly construed. That has been the recognized rule of statutory interpretation with respect to filing administrative claims and complaints under the [FTCA].").

Both the submission of a timely administrative claim and receipt of a final denial are required for the court to exercise jurisdiction over a tort action under the FTCA. *See* 28 U.S.C. § 2675(a). The Plaintiffs have not met either of these requirements, and have therefore failed to exhaust their administrative remedies. Accordingly, even if the court had jurisdiction over claims asserted against the Defendants, which it does not, it would still lack subject matter jurisdiction over the Complaint.[5] *McNeil,* —— U.S. at ——, 113 S.Ct. at 1984; *Dalm,* 494 U.S. at 608, 110 S.Ct. at 1368; *Pascale,* 998 F.2d at 193;

---

4. Plaintiffs cannot take advantage of the provision in section 2675(a) of the FTCA, providing that agency inaction for six months after an administrative claim is filed can be deemed a final denial, because, as discussed, they have failed to establish that the Postal Service received the Plaintiffs Claim Forms. *See* 28 U.S.C. § 2675(a) ("The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."); *Pascale v. United States,* 998 F.2d 186, 192–93 (3d Cir. 1993) (explaining that claimant may rely on agency inaction as a final denial provided a timely administrative claim is filed).

5. The same would be true if the United States was properly sued initially in the instant action or if the Plaintiffs were permitted to amend their complaint to substitute the United States as a defendant. In light of the court's lack of subject matter jurisdiction, because of the Plaintiffs' failure to exhaust their administrative remedies, amending the Complaint at this time will serve no purpose. Accordingly, the Plaintiffs' cross-motion is denied.

Additionally, as indicated, because the instant dismissal is based upon lack of subject matter jurisdiction, it is not necessary to address the Defendants' contentions that dismissal is also proper because of a lack of personal jurisdiction and untimely service of process.

*Livera,* 879 F.2d at 1194; *Dunn,* 775 F.2d at 103; *Tucker,* 676 F.2d at 959.

*Conclusion*

For the reasons set forth above, the Defendants' motion to dismiss is granted pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure based on the court's lack of subject matter jurisdiction to hear the instant matter. The Plaintiffs' cross-motion to amend the Complaint to name the United States of America as a defendant is denied.