**Earl J. BROWN, an Individual, and Elsie F. Brown, an Individual, Plaintiffs,**

v.

**Earl Ray ANDERSON, an Individual, Defendant.**

**No. CIV-76-0738-D.**

United States District Court, W. D. Oklahoma.

Nov. 30, 1976.

---

Charles J. Watts, Oklahoma City, Okl., for plaintiffs.

David L. Russell, U. S. Atty., Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

Plaintiffs brought this personal injury action against the Defendant, an employee of the United States Postal Service, in the District Court for Oklahoma County, State of Oklahoma, for alleged negligence in a motor vehicle collision in which the government employee's vehicle, a United States Postal Service mail truck, was involved. The United States Attorney, acting for the Attorney General, certified that the Defendant employee was acting within the scope of his employment at the time of the accident out of which the suit arose and the action was removed to this Court pursuant to 28 U.S.C. § 1442(a)(1).

Simultaneously with the filing of the instant case in the state court, Plaintiffs brought a negligence action in the United States District Court against the United States government. This action, captioned *Earl J. Brown and Elsie Brown v. The United States of America*, CIV–76–0701–D, alleges the identical cause of action as the instant action but seeks to recover from the United States rather than from the individual employee. In *Brown et al. v. United States, supra,* Plaintiffs allege that the United States is liable to Plaintiffs for injuries allegedly caused by the negligence of Earl Anderson, an employee of the United States. Alleging that Anderson was acting within the scope of his employment at the time of the accident, Plaintiffs bring this latter action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 1504, 2401, 2402, 2671–2680.

In the instant action, Defendant has filed a Motion to Dismiss pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure. Defendant's contention is that this Court does not have jurisdiction over the subject matter of this action. Plaintiff has filed a Response to said Motion.

In support of its Motion, an affidavit has been filed by the United States Attorney for this District that to the best of his knowledge and belief Defendant Anderson was acting in the scope of his employment with the United States Postal Service at the time of the accident in question. Plaintiffs in their Response appear to take the position that whether or not Defendant Anderson was acting in the scope of his employment is a fact question which should not be determined on the affidavit of an Attorney. Considering such position in light of the fact that the same Attorney represents Plaintiffs in both actions, and that pursuant to Rule 11, Fed.Rules Civ.Proc. the affirmation made in case number CIV–76–0701–D that Defendant Anderson was acting in the scope of his employment with the United States Postal Service constitutes a certificate by counsel that to the best of his knowledge and belief there are good grounds to support such affirmation, the Court finds for the purposes of this Motion that Defendant Anderson was acting in the scope of his employment with the United States Postal Service at the time of the accident giving rise to this litigation.

The Federal Drivers Act, 28 U.S.C. § 2679(b), provides in part:

"(b) The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim."

This section insulates federal employees from liability for alleged negligence in the driving of an automobile while in the scope of employment. *Carr v. United States*, 422 F.2d 1007 (Fourth Cir. 1970); *United States v. Government Emp. Ins. Co. Inc.*, 409 F.Supp. 986 (E.D.Va.1976); *Thomason v. Sanchez*, 398 F.Supp. 500 (D.N.J.1975); *Beechwood v. United States*, 264 F.Supp. 926 (D.Mont.1967); *Gipson v. Shelley*, 219 F.Supp. 915 (D.Tenn.1963).

In light of 28 U.S.C. § 2679(b) and in view of Plaintiffs' action now pending in this Court against the United States, the instant action against Earl Anderson, the employee, should be dismissed. By said statute, Plaintiffs' exclusive remedy is against the United States.