John J. LEDDY, III

v.

UNITED STATES POSTAL SERVICE, et al.

Civ. A. No. 81–3932.

United States District Court,
E. D. Pennsylvania.

Oct. 23, 1981.

Mark E. Taylor, Spencer, Sherr, Moses & Zuckerman, P.C., Norristown, Pa., for plaintiff.

Joseph M. Masiuk, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM

GILES, District Judge.

This is a personal injury action against the United States Postal Service and Anthony L. Repace. Plaintiff seeks damages for injuries sustained when a motor vehicle owned and operated by him collided with a motor vehicle owned and operated by Anthony L. Repace, a Postal Service employee.

Plaintiff instituted the action in Haverford District Court, Commonwealth of Pennsylvania. The government timely and properly removed the action to this court pursuant to 28 U.S.C. § 1441(a). On September 30, 1981, the government filed an unopposed motion to dismiss the action for lack of subject matter jurisdiction asserting that the state court lacked jurisdiction in the first instance, and this court could not, therefore, acquire jurisdiction upon removal.

For the following reasons I agree with defendants and dismiss plaintiff's complaint.

▮ Plaintiff's action sounds in tort. The named defendants are the United States and Anthony L. Repace, an employee of the United States Post Office. When an individual employee of the United States acting within the scope of his employment allegedly causes personal injury or property damage as a result of his operation of a motor vehicle, the exclusive remedy available to a claimant is suit against the United States. *See* 28 U.S.C. § 2679(b); *Kizer v. Sherwood*, 311 F.Supp. 809 (M.D.Pa.1970); *Brown v. Anderson*, 430 F.Supp. 337 (W.D. Okl.1976). Under this rule, an independent cause of action would exist against an individual employee of the United States only if he was acting beyond the scope of his employment. In his complaint, plaintiff does not allege that Mr. Repace was acting beyond the scope of his employment at the

time of the alleged accident.[1] Absent such an allegation, there would appear to be no cause of action against Mr. Repace and plaintiff's exclusive remedy is a suit against the United States.

Tort actions against the United States must be brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and § 2671 *et seq.*, which waives the government's sovereign immunity from suit if the terms of the statute are met. Section 1346(b) provides, in part, that

> The district courts, ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for ... personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under the circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

This statute expressly vests exclusive jurisdiction over negligence actions against the government in the United States District Courts. Thus, the state court was without subject-matter jurisdiction of this case from its inception. Removal of the action by the government did not cure the jurisdictional defect. It is well-established that the jurisdiction of the federal courts upon removal is derivative in nature, so that if a state court lacks jurisdiction over a case, the federal court acquires none upon removal. This is true even though the federal court could have exercised jurisdiction if the suit had originally been brought before it. *Lambert Run Coal Company v. Baltimore & Ohio R. Co.*, 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922); *Minnesota v. United States*, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235 (1939); *Gleason v. United States*, 458 F.2d 171 (3d Cir. 1971).

Moreover, removal by the government from state court to federal district court does not constitute a waiver of the government's objections to jurisdictional defects in the removal court. Nor is removal tantamount to consent by the government to be sued in the district court. *Minnesota v. United States*, 305 U.S. 382, 388–89, 59 S.Ct. 292, 295–296, 83 L.Ed. 235 (1939); *Stapleton v. $2,438,110*, 454 F.2d 1210, 1217–18 (3d Cir.), *cert. denied* 409 U.S. 894, 93 S.Ct. 111, 34 L.Ed.2d 151 (1972).

Thus, since the state court lacked subject-matter jurisdiction of this suit, this court acquired none by virtue of removal and plaintiff's complaint shall be dismissed for lack of subject-matter jurisdiction.

---

**1.** Moreover, the government has certified in its removal petition that at all times relevant to this action, Mr. Repace was acting within the scope of his employment. Plaintiff has not disputed this assertion.