Buddy **JOHNS**, Plaintiff,

v.

**UNITED STATES POSTAL SERVICE**, Defendant.

Civ. A. No. 84–1115.

United States District Court, W.D. Pennsylvania.

Oct. 2, 1984.

Robert B. Truel, Pittsburgh, Pa., for plaintiff.

Judith K. Giltenboth, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## MEMORANDUM

MARSH, District Judge.

This matter is before us on a motion to dismiss filed by the United States. Oral argument on said motion was heard on September 26, 1984. This action began by the filing of a complaint on April 23, 1984 before a Pennsylvania district magistrate, seeking property damages in the amount of $308.25. The magistrate's complaint is a simple form and only asserts that plaintiff was riding his bicycle on the sidewalk past the ramp leading out of the United States Post Office and Courthouse on Grant Street, Pittsburgh, Pennsylvania, when a mail truck allegedly struck him and damaged his bicycle beyond repair. The accident occurred on May 27, 1983.

The United States filed a petition for removal to this court alleging that this action should have properly been filed in a court of the United States since jurisdiction lies under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. The government further alleged that said jurisdiction is exclusive in the United States District Court under 28 U.S.C. § 1346(b).[1]

There is no question that claims under the Federal Tort Claims Act are to be exclusively heard in the United States District Court. 28 U.S.C. § 2679. Plaintiff did file an administrative claim with the United States Postal Service on July 21, 1983 and said claim was denied on October 21, 1983 by a letter to plaintiff which advised him as follows:

> "Regulations require us to inform you that if you are dissatisfied with the final action in your claim, *you may file suit in an appropriate United States District Court not later than six months from the date of this letter.*" (Emphasis supplied.)

Plaintiff argues that at the time he filed his complaint before a Pennsylvania district magistrate proceeding *pro se* he was unlearned in the law and construed the words "District Court" to mean a Pennsylvania magistrate's court since magistrates are known as "district justices" and their courts are sometimes referred to as "district courts." However, we note that plaintiff did file his administrative claim with the United States Postal Service. Furthermore, the letter denying his claim specifically provides for a remedy by filing a suit in an "appropriate *United States* District Court." (Emphasis supplied.) Although plaintiff interprets this language as confusing and ambiguous, we do not agree with his position. Surely plaintiff knew he was dealing with an agency of the Federal government since he began his case with an administrative claim to the United States Postal Service.

However, we do not wish to belabor this point since the law concerning the proper jurisdiction is well established.

In *Lambert Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922), Mr. Justice Brandeis addressed the matter of a district court's jurisdiction upon removal of an action from a state court.

> "The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction."

The teachings of *Lambert, supra,* at 382, 42 S.Ct. at 351, have been followed by every Circuit Court of Appeals including the Third Circuit.

---

1. Section 1346(b) provides in pertinent part as follows:

   "... The district courts, ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

For example, in *Witherow v. Firestone Tire & Rubber Co.*, 530 F.2d 160, 167 (3rd Cir.1976), the court citing *Lambert* said:

"It is often said, and it is indisputably the law, that removal jurisdiction is derivative—that the federal court 'derives' its jurisdiction from the state court and that, if the state court had no jurisdiction, the federal court can acquire none, and must dismiss." (Citations omitted.)

This principle has been applied to an action under the Federal Tort Claims Act in *Leddy v. United States Postal Service*, 525 F.Supp. 1053, 1055 (E.D.Pa.1981).

The facts in *Leddy* are very similar to those in the case *sub judice*. Plaintiff instituted the action in Haverford District Court, a Pennsylvania court, seeking damages for injuries sustained when a motor vehicle owned and operated by him collided with a vehicle operated by a Postal Service employee. The government removed the action to the United States District Court for the Eastern District of Pennsylvania, and then filed a motion to dismiss for lack of subject matter jurisdiction on the grounds that the state court lacked jurisdiction and, therefore, the federal district court could not acquire jurisdiction on removal. The court stated:

"When an individual employee of the United States acting within the scope of his employment allegedly causes personal injury or property damage as a result of his operation of a motor vehicle, the exclusive remedy available to a claimant is suit against the United States. See 28 U.S.C. § 2679(b); *Kizer v. Sherwood*, 311 F.Supp. 809 (M.D.Pa.1970); *Brown v. Anderson*, 430 F.Supp. 337 (W.D.Okla. 1976)."

The court went on to say that 28 U.S.C. § 1346(b):

"... expressly vests jurisdiction over negligence actions against the government in the United States District Courts. Thus, the state court was without subject-matter jurisdiction of this case from its inception. Removal of the action by the government did not cure the jurisdictional defect. It is well estab-

lished that the jurisdiction of the federal courts upon removal is derivative in nature, so that if a state court lacks jurisdiction over a case, the federal court acquires none upon removal. This is true even though the federal court could have exercised jurisdiction if the suit had originally been brought before it. (Citations omitted.) ...

"Moreover, removal by the government from state court to federal district court does not constitute a waiver of the government's objections to jurisdictional defects in the removal court. Nor is removal tantamount to consent by the government to be sued in the district court. *Minnesota v. United States*, 305 U.S. 382, 388–389, 59 S.Ct. 292, 295–296, 83 L.Ed. 235 (1939); *Stapleton v. $2,438,-110*, 454 F.2d 1210, 1217–18 (3d Cir.), cert. denied 409 U.S. 894, 93 S.Ct. 111, 34 L.Ed.2d 151 (1972)."

Accordingly, an appropriate order will be entered granting the government's motion to dismiss and plaintiff's action shall be dismissed for lack of subject-matter jurisdiction.