Victoria **JACKSON**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY**

v.

**Milton L. CLAYTON and U.S. Post Office.**

Civ. A. No. 89–7981.

United States District Court, E.D. Pennsylvania.

Jan. 8, 1990.

Gary P. Heslin, Philadelphia, Pa., for Victoria Jackson.

William J. Faust, Philadelphia, Pa., for Southeastern Pennsylvania Transp. Authority.

David H. Ward, Asst. U.S. Atty., U.S. Attorney's Office, Philadelphia, Pa., for Milton L. Clayton and U.S. Post Office.

## MEMORANDUM

KATZ, District Judge.

This case arises out of a motor vehicle accident involving a Southeastern Pennsylvania Transportation Authority (SEPTA) bus and a United States Postal Service (USPS) truck. Plaintiff commenced the action in the Philadelphia Court of Common Pleas. Defendant SEPTA then filed a third-party complaint against defendants Clayton and the USPS. These third-party defendants then removed the case to this court pursuant to 28 U.S.C. § 1441. After removing the case, the United States Attorney certified that Clayton, the driver of the USPS truck, was acting within the scope of his employment as an employee of the United States at the time of the accident. The third-party defendants now move for dismissal pursuant to Rules 12(b)(1) and 12(b)(4) of the Federal Rules of Civil Procedure.[1]

## DISCUSSION

■ The Government's first argument in favor of dismissal is that SEPTA failed to comply with the requirement that it exhaust administrative remedies as required by the Federal Tort Claims Act (FTCA) at 28 U.S.C. § 2675(a). That section, however, makes the following exception: "The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim." Rule 14 of the Federal Rules of Civil Procedure provides in relevant part that:

[a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Fed.R.Civ.P. 14(a). Although this action was commenced in state court, SEPTA's

1. The Government filed two motions. One in the name of the United States and one in the name of the United States Postal Service. Although no motion was filed in the name of Milton L. Clayton, the second motion addresses whether Clayton is a proper defendant in this case and the court treats it as a motion to dismiss him as a party defendant.

claim is one that "may be asserted" under Rule 14. Accordingly, there is no jurisdictional bar in this case because SEPTA was not required to first present its claim to the USPS before filing suit.

■ The Government next argues that SEPTA's claim should be barred pursuant to 28 U.S.C. § 2401(b), the FTCA's statute of limitations, because its claim was not presented to the appropriate federal agency within two years of the accrual of the claim. SEPTA's claim, however, is one for contribution on the grounds that USPS is wholly or jointly liable with regard to the accident. A claim for contribution does not accrue until the claimant has paid, or been held liable for, more than his or her share of a common liability. *See Sea–Land Service, Inc. v. United States*, 874 F.2d 169, 173 (3d Cir.1989) (following Federal Tort Claims Act rule in a Suits in Admiralty Act case); *United States Lines, Inc. v. United States*, 470 F.2d 487 (5th Cir.1972). In this case, SEPTA is exercising its option, made possible by Federal Rule of Civil Procedure 14 in conjunction with Section 2675(a), to implead the United States as a third-party defendant rather than waiting until judgment is entered or a settlement reached. The two-year statute of limitations in Section 2401(b) does not begin to run on a claim for contribution that has not yet accrued.

■ The Government's third reason for dismissal is that SEPTA has failed to make proper service upon the USPS or the United States under Rule 4 of the Federal Rules of Civil Procedure. According to the Government, SEPTA served a postal employee in Philadelphia rather than the United States Attorney and the Attorney General as required by Rule 4(d)(4). It seems counter-intuitive to argue that SEPTA was required to comply with the Federal Rules of Civil Procedure regarding service of process in a state court action. *See Staple v. United States*, 740 F.2d 766, 770, n. 2 (9th Cir.1984) (federal rules do not apply until a case is removed to federal court). There is also no claim that service of process was

inadequate under state procedure. Moreover, the FTCA provides a mechanism that assures notice of all tort claims filed against federal employees to the United States Attorney and the Attorney General. 28 U.S.C. § 2679(c).[2] One might even read 28 U.S.C. § 2679(d) as providing for a waiver of Rule 4(d)(4) service of process where the United States Attorney certifies that the federal employee was acting within the scope of his employment so that the United States is substituted as the proper party defendant. In any event, I have the power to rectify a problem with service of process in a removed case by authority of 28 U.S.C. § 1447(a), which provides:

> In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise.

The Order accompanying this Memorandum directs SEPTA to perfect service of process on the United States in accordance with Rule 4(d)(4).

■ Finally, the Government maintains that this court lacks subject-matter jurisdiction because the USPS was named as a defendant rather than the United States. While the Government is correct in pointing out that tort suits cannot be brought against the USPS directly, *see* 28 U.S.C. 2679(a), that bit of information makes no difference in this case because a federal employee was also named as a defendant in the state court action. When the United States Attorney provided the necessary certification pursuant to Section 2679(d), the United States was automatically substituted as the party defendant for Milton L. Clayton.

This is so notwithstanding *Leddy v. United States Postal Service*, 525 F.Supp. 1053 (E.D.Pa.1981). The facts of that case are similar to this one, except that *Leddy* involved a suit brought by the injured plaintiff directly against the USPS and one of its federal employees. The suit was filed in state court and subsequently removed to federal court. The court held

---

**2.** In *McGowan v. Williams*, 623 F.2d 1239 (7th Cir.1980), the Court found that Section 2679(c)

makes a federal driver the agent for service of process for the United States.

that the plaintiff failed to allege that the individual federal employee was acting beyond the scope of his employment. Thus, the court concluded, the "plaintiff's exclusive remedy is a suit against the United States." *Id.* at 1055. What followed from this premise was that the state court lacked subject-matter jurisdiction because the FTCA (at 28 U.S.C. § 1346(b)) vests exclusive jurisdiction over tort claims against the United States in the federal district courts. Removal of the case could not create jurisdiction that the state court did not have in the first place. *Id.* (citing *Lambert Run Coal Company v. Baltimore & Ohio R. Co.*, 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922); *Minnesota v. United States*, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235 (1939); *Gleason v. United States*, 458 F.2d 171 (3d Cir.1972)).

While this latter point is correct, I will not follow *Leddy* here. *Leddy* paraphrases Section 1346(b), but does not apply the introductory clause: "Subject to the provisions of chapter 171 of this title, . . ." Chapter 171 of title 28 is, of course, the rest of the FTCA. A reading of Section 2679 readily reveals that the FTCA contemplates actions brought in state courts against federal employees. To illustrate the point, consider Section 2679(d)(2), which provides for removal of tort actions filed against federal employees upon certification by the United States Attorney. The *Leddy* rule would render this provision inoperative because there could never be a state court action in which jurisdiction was proper. Obviously, federal jurisdiction is exclusive only after it has been determined that the United States is the proper party defendant. The caselaw in this area overwhelmingly supports the proposition that subject-matter jurisdiction exists in a suit against a federal employee removed from state court. *See, e.g., Meeker v. United States*, 435 F.2d 1219 (8th Cir.1970); 1A *Moore's Federal Practice,* ¶ 0.164[4.–1] at 414 (Driver's Act applies whether suit is brought in federal or state court [3]).

For the foregoing reasons, SEPTA's claims against Milton L. Clayton and the USPS will be dismissed and the United States will be substituted as the proper third party defendant in the place of Clayton.

An appropriate order follows.

## ORDER

AND NOW, this 8th day of January, 1990, upon consideration of the Government's Motion to Dismiss the Claims Against the United States of America and United States Postal Service's Motion to Dismiss, and SEPTA's response thereto, for the reasons set forth in the accompanying Memorandum it is hereby ORDERED as follows:

1. The Motion of the United States of America is DENIED in its entirety.

2. The Motion of the United States Postal Service is GRANTED in part and DENIED in part.

3. The United States of America is substituted as the proper third-party defendant. The case is DISMISSED as to defendant Milton L. Clayton.

4. SEPTA shall forthwith perfect service of process on the United States in accordance with Rule 4(d)(4) of the Federal Rules of Civil Procedure.

---

3. Section 2679 was formerly referred to as the Federal Driver's Act because its scope was limited to motor vehicle accidents. The statute was amended in 1988 to include all negligent acts or omissions by federal employees. *See* Pub.L. 100–694, §§ 5,6, 102 Stat. 4564.