**Mitchell and Deborah SCHWARTZMAN**

v.

**Paul CARMEN, et al.**

**Civil Action No. 98–36.**

United States District Court, E.D. Pennsylvania.

Feb. 26, 1998.

---

Joseph P. Stampone, Christy Adams, Stampone & D'Angelo, Jenkintown, PA, for Plaintiffs.

David H. Resnicoff, U.S. Attorney's Office, James G. Sheehan, U.S. Attorney's Office, Philadelphia, PA, for Defendants.

---

**1.** The government seeks summary judgment as an alternative to its motion to dismiss. Summary judgment is inappropriate since the govern-

*MEMORANDUM*

BARTLE, District Judge.

■ This suit stems from an automobile accident which occurred in Philadelphia. In addition to suing certain private parties, plaintiffs, husband and wife, named the United States as one of the defendants allegedly because an illegally parked mail truck obstructed the drivers' views. Plaintiffs bring their claims against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* The government moves to dismiss for lack of subject matter jurisdiction. It claims that the plaintiffs did not take the proper administrative steps which are a precondition to filing suit.[1]

For present purposes, the facts are undisputed. The accident at issue occurred on January 22, 1996. Several months later, plaintiff Mitchell Schwartzman filed with the United States Postal Service ("Postal Service") the administrative claim form 95 which provides separate spaces for insertion of the amount of property damage and the amount of personal injury loss. While Schwartzman declared $7,036.68 in property damage, he wrote "to be supplied" in the box reserved for personal injuries. A Customer Service Analyst for the Postal Service responded that the claim could not be processed because the form did not include a definite amount for personal injuries. Instead of resubmitting a revised claim form, Schwartzman and his wife, Deborah Schwartzman, filed suit in the Court of Common Pleas of Philadelphia County on November 26, 1997. The United States timely removed the case to this court. At no time has Deborah Schwartzman ever filed her own claim form notifying the Postal Service of her injuries.

■ The doctrine of sovereign immunity bars lawsuits against the United States unless the government agrees to be sued. *See, e.g., United States v. Testan,* 424 U.S. 392, 399–400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Under the FTCA, the United States has consented to be sued for torts committed by its employees acting within the scope of their employment. Nonetheless, before any lawsuit may be filed, an injured party must first

ment does not seek to adjudicate this matter on the merits.

present an administrative claim to the appropriate federal agency. 28 U.S.C. § 2675(a). A claim is deemed "presented" when the federal agency receives written notification of the accident "accompanied by a claim for money damages in *a sum certain* . . . ." 39 C.F.R. § 912.5 (West 1998) (emphasis added). This is a jurisdictional requirement which cannot be waived. *See McNeil v. United States,* 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *Bialowas v. United States,* 443 F.2d 1047, 1049 (3d Cir.1971). After the agency's denial of a claim, the injured party may file suit. However, no action may be "instituted for any sum in excess of the amount of the claim presented to the federal agency . . ." except under circumstances not relevant here. 28 U.S.C. § 2675(b).

Congress requires administrative review in accordance with § 2675 of the FTCA as a way to reduce court congestion and eliminate unnecessary litigation. *See Rosario v. American Export–Isbrandtsen Lines, Inc.,* 531 F.2d 1227, 1233 (3d Cir.), *cert denied,* 429 U.S. 857, 97 S.Ct. 156, 50 L.Ed.2d 135 (1976). The sum certain requirement of the FTCA enables the head of the federal agency to determine "whether the claim falls within the jurisdictional limits of his exclusive authority to process, settle or to properly adjudicate the claim." *Bialowas,* 443 F.2d at 1050. In addition, 39 C.F.R. § 912.5 establishes a uniform procedure for settling claims involving the Postal Service. *Id.*

■ It is undisputed that Mitchell Schwartzman did not state a sum certain for his personal injury claim on his form 95 submitted to the Postal Service. Instead, plaintiffs would have us consider their state court complaint, which asserted damages "not in excess of Fifty Thousand ($50,000) Dollars," as a sufficient substitute for the sum certain requirement. *See Williams v. United States,* 693 F.2d 555 (5th Cir.1982).[2] We disagree. Supplying an inexact number such as "less than $50,000" does not advance the goals of the sum certain requirement. *See Farr,* 580 F.Supp. at 1196. In addition, allowing a party to satisfy the statutory prescription by relying on the damage amount stated in a complaint would invert the process outlined in the FTCA. The statute mandates exhausting administrative remedies before turning to the courts—not using court pleadings to fulfill the administrative requirements. *See* 28 U.S.C. § 2675(a); *Farr,* 580 F.Supp. at 1196. Mitchell Schwartzman did not provide a sum certain for his personal injuries in his claim form, and this defect was not cured when he filed a complaint in the Court of Common Pleas of Philadelphia County.

■ Unlike the personal injury claim, Mitchell Schwartzman's claim form stated an exact amount, that is, $7,036.68, for property damage. The United States contends that this item must also fail because it is merely part of the total claim which was not reduced to a sum certain. We are not persuaded. The government had sufficient detail to decide whether or not to make a settlement offer regarding the property damage. We also note that claim form 95 provides separate spaces for recording personal injury and property damages, contradicting the government's own argument that these elements of loss are indivisible. To deem Mitchell Schwartzman's property claim incurably tainted because of the omission with respect to his personal injury claim would amount to "bureaucratic overkill." *See Kokaras v. United States,* 980 F.2d 20, 23 (1st Cir.1992); *but cf. Robinson v. United States Navy,* 342 F.Supp. 381 (E.D.Pa.1972). He may pursue his recovery for property damage, limited to the $7,036.68 demanded in his claim form.

■ Finally, we address Deborah Schwartzman's claim for loss of consortium. Unfortunately for her, she never filed any claim with the Postal Service.[3] "If a spouse wants to sue the United States for her loss of consortium, she must follow the procedures delineated in the FTCA." *Klimaszewski v.*

---

**2.** The plaintiffs rely on *Williams* even though the cases are factually distinguishable. Unlike the case before us, the plaintiff's complaint in *Williams* contained an itemized list of damages and specified the total amount sought. *See Farr v. United States,* 580 F.Supp. 1194, n. 4 (E.D.Pa. 1984).

**3.** While she notified the United States through filing a complaint, this notification, as we have discussed above, is insufficient under the FTCA.

*United States,* Civ.A. No. 96–7093, 1997 WL 177792 at *1 (E.D.Pa. April 9, 1997). She did not follow these procedures.

The accident occurred on January 22, 1996. Under the FTCA, an administrative claim must be filed within two years of the alleged tort. 28 U.S.C. § 2401(b). Since Mitchell Schwartzman failed to file his personal injury claim and Deborah Schwartzman failed to file any claim at all within that two year period, these claims against the United States are now barred. Accordingly, the motion of the United States to dismiss will be granted as to the plaintiffs' personal injury claims, but denied as to Mitchell Schwartzman's $7,036.68 claim for property damage.