Marian KIEFFER and Donald Kieffer, Plaintiffs,

v.

Charles A. VILK, Him Leasing, and/or Country Club Transportation, John G. Roethel, and the United States Postal Inspection Service, Defendants.

No. CIV. A. 97–1676 (AJL).

United States District Court, D. New Jersey.

March 27, 1998.

William W. Graham, Carey & Graham, Manasquan, NJ, for Plaintiffs.

Laura M. Smith, Assistant United States Attorney, Newark, NJ, for Defendant United States.

## OPINION

LECHNER, District Judge.

This is an action brought by the plaintiffs, Marian M. Kieffer ("Marian Kieffer") and Donald Kieffer ("Donald Kieffer") (collectively, the "Plaintiffs"), against the defendants, Charles A. Vilk ("Vilk"), HIM Leasing ("HIM Leasing"), Country Club Transportation ("Country Club"), John G. Roethel ("Roethel") and the United States Postal Inspection Service (the "Postal Inspection Service" or the "Postal Service")[1] (collectively, the "Defendants") for damages arising out of an automobile accident.

Currently before the court is the question of whether this court lacks subject matter jurisdiction to vacate the 4 August 1997 order of dismissal (the "4 August Order") and to hear the action on the merits because of the alleged failure by the Plaintiffs to file a timely administrative claim with the Postal Service. The issue of jurisdiction was raised *sua sponte* at a hearing on 29 October 1997 (the "29 October Hearing"). At the 29 October Hearing, the parties were directed to submit briefs setting forth their positions on the jurisdictional issue.[2]

For the reasons set forth below, this court lacks subject matter jurisdiction and therefore the 4 August Order will not be vacated.

1. The Postal Inspection Service is also referred to in the complaint as the "United States Post Office." *See* Complaint.

2. The Plaintiffs submitted the following materials in support of their position that the court has subject matter jurisdiction: a letter-brief, dated 25 November 1997, (the "Plaintiffs' Brief") and Certification of William W. Graham, dated 25 November 1997 (the "Graham Certif."). The Plaintiffs' Brief and the Graham Certif. were received in chambers on 1 December 1997.

The Postal Inspection Service submitted the following materials in support of its position that the court does not have subject matter jurisdiction: a letter-brief, dated 24 November 1997, (the "Postal Inspection Service's Brief"); Certification of Laura M. Smith, dated 23 November 1994[sic] (the "Smith Certif."); and Certification of Arthur S. Mindlin, dated 4 November 1997 (the "Mindlin Certif.").

*Procedural History*

### A. The Federal Action

On 2 April 1997, the Plaintiffs filed a complaint (the "Federal Complaint"). *See* Graham Certif. ¶ 5. The Complaint was dismissed by the 4 August Order on the ground that the Plaintiffs failed to serve the Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* Graham Certif. ¶ 10; *see also* 4 August Order.

On 17 October 1997, the Plaintiffs submitted a motion (the "Motion") to vacate the 4 August Order and to restore the action to the trial list. By letter, dated 20 October 1997, (the "20 October Letter") the parties were advised that the Motion would not be considered by the court due to the failure of the Plaintiffs to comply with Rule 7.1(f) ("Rule 7.1(f)") of the Local Rules Governing the District of New Jersey. The 20 October Letter also advised the Plaintiffs that they could resubmit the Motion, provided that they complied with Rule 7.1(f). To date, the Plaintiffs have not refiled the Motion.

Although the parties were advised that the Motion would not be considered because of its non-compliance with Rule 7.1(f), the 29 October Hearing was scheduled to discuss the issues raised by it. At the 29 October Hearing, the question of whether this court lacks subject matter jurisdiction over the action was raised *sua sponte* because it appeared the Plaintiffs failed to file a timely administrative claim with the Postal Service and to exhaust the available administrative remedies in accordance with the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 2671 *et seq.*, and applicable federal regulations. *See, e.g.,* 39 C.F.R. § 912.5.

### B. The State Action

On 3 April 1997, Marian Kieffer filed a complaint (the "State Complaint") against the Defendants in the Superior Court of the State of New Jersey, Monmouth County (the "Superior Court"). *See* Graham Certif. ¶ 5; Postal Inspection Service's Brief at 2. The State Complaint sets forth allegations that are "essentially identical" to those contained in the Federal Complaint and appears to name as parties the same individuals and entities named in the Federal Complaint, with the exception of Donald Kieffer. *See* Smith Certif. ¶ 2; Exhibit Pa–6 through Pa–11 attached to the Plaintiffs' Brief.

By letter, dated 14 May 1997, counsel for the Postal Inspection Service advised the Plaintiffs that, among other things, the FTCA governs all suits asserting negligence of a federal government employee and that federal courts have exclusive jurisdiction over such suits.

On 22 August 1997, Judge Louis F. Locascio issued an order (the "22 August Order") amending and substituting the United States as the real party in interest in place of the Postal Inspection Service and Roethel. *See* Graham Certif. ¶ 11. Judge Locascio then removed the action to this court. *See id.* The file of the Clerk of the Court for the United States District Court for the District of New Jersey, however, does not contain a copy of the 22 August Order. In addition, the Superior Court has not forwarded the pleadings in the State court action to this court. *See id.* at 12–13 (reporting on status as of 17 November 1997). Accordingly, it appears the State action has not been removed to this court. Thus, the only action before this court is the one that was originally commenced here.

*Facts*

### A. The Accident

On 11 April 1995, Marian Kieffer was a passenger in a vehicle (the "Vilk Vehicle") operated by Vilk[3] and owned by HIM Leasing. *See* Federal Complaint, Count 1, ¶ 1; Plaintiffs' Brief at 1. On that day, the Vilk Vehicle was involved in an accident (the "Accident") with a vehicle (the "Postal Service Vehicle") that was operated by Roethel and owned by the Postal Service. *See, e.g.,* Federal Complaint, Count 2, ¶ 3; Plaintiffs' Brief at 1. Roethel was an employee of the Postal Inspection Service at the time of the Accident. *See* Postal Inspection Service's Brief at 1–2. The Federal Complaint alleges that,

---

**3.** The Federal Complaint states Vilk is the "agent, servant and/or employee" for HIM Leasing and/or Country Club. *See* Complaint Count 1, ¶ 1.

at the time of the Accident, Roethel was operating the Postal Service Vehicle "as agent, servant and/or employee" of the Postal Inspection Service. *See, e.g.,* Federal Complaint, Count 2, ¶ 3. The Postal Inspection Service has not disputed that Roethel was acting within the scope of his employment at the time of the Accident.

At the time of the Accident, the Vilk Vehicle was "proceeding northbound on Broad Street, in the City of Newark, County of Essex and State of New Jersey." *See* Federal Complaint, Count 1, ¶ 1. The Postal Service Vehicle also was traveling in a northbound direction on Broad Street. *See* Federal Complaint, Count 1, ¶ 2. The Plaintiffs assert that Vilk and Roethel were operating their respective vehicles in a careless and negligent manner which caused the Accident. *See* Federal Complaint, Count 1, ¶ 3; Federal Complaint, Count 2, ¶ 4.

As a result of the Accident, Marian Kieffer claims to have sustained "severe and permanent" injuries and "suffered and will in the future suffer great pain and mental anguish." *See, e.g.,* Federal Complaint, Count 1, ¶ 4. Donald Kieffer claims to have suffered, among other things, the loss of services of his spouse, Marian Kieffer. *See* Federal Complaint, Count 3, ¶ 3.

B. *Notice to the Postal Service of the Accident*

By letter, dated 6 May 1996, (the "6 May Letter") counsel for the Plaintiffs advised Roethel that he had been retained to represent Marian Kieffer in connection with the injuries she allegedly sustained as a result of the Accident. *See* Graham Certif. ¶ 3. Significantly, the 6 May Letter did not mention Donald Kieffer or contain a demand for a sum certain of money damages in connection with the claim by Marian Kieffer. *See* Exhibit Pa–1 attached to the Plaintiffs' Brief. The Postal Inspection Service received the 6 May Letter on 10 May 1996.[4] *See* Mindlin Certif. at ¶ 3.

Following his receipt of the 6 May Letter, Arthur S. Mindlin ("Mindlin"), an inspector with the Postal Inspection Service, sent a letter, dated 1 November 1996, (the "1 November Letter") to counsel for the Plaintiffs advising him that any claim against the Postal Service must be set forth on a "Standard Form 95" ("Form 95"). *See* Mindlin Certif. at ¶ 4. The 1 November Letter enclosed a copy of Form 95 and further advised that Form 95 must be signed by the claimant. *See* Exhibit Pa–4 attached to Plaintiffs' Brief. The 1 November Letter also cited two Postal Service regulations and mentioned that Marian Kieffer needed to exhaust her administrative remedies under the FTCA. *See id.* Counsel for the Plaintiffs acknowledged receipt of the 1 November Letter on 4 November 1996. *See* Mindlin Certif. at ¶ 4.

Counsel for the Plaintiffs forwarded Form 95 to Mindlin along with a letter, dated 7 July 1997 (the "7 July Letter"). *See* Graham Certif. ¶ 9. Mindlin received the 7 July Letter and Form 95 on 9 July 1997, more than two years after the Accident and more than three months after the Plaintiffs had filed the Federal Complaint and the State Complaint. *See* Mindlin Certif. ¶¶ 5, 7. ·

The Form 95 received by Mindlin demanded $100,000 in damages. *See* Exhibit Pa–15 through Pa–16 attached to the Plaintiffs' Brief. It did not mention Donald Kieffer.[5] *See id.* In addition, the Form 95 did not contain the signature of Marian Kieffer but contained the signature of counsel for the Plaintiffs. *See* Mindlin Certif. ¶ 6; Exhibit Pa–15 through Pa–16 attached to the Plaintiffs' Brief. Marian Kieffer has not received from the Postal Service a final denial of her administrative claim. *See* Graham Certif. ¶ 14.

*Discussion*

A. *Sovereign Immunity*

 " 'It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.' " *Martinez v. United*

---

4. The Postal Service apparently received the 6 May Letter from Roethel since the letter was only addressed to him. *See* Exhibit Pa–1 attached to Plaintiffs' Brief.

5. To date, the Postal Service has not received a Form 95 submitted on behalf of Donald Kieffer. *See* Mindlin Certif. ¶ 7.

*States Post Office,* 875 F.Supp. 1067, 1071 (D.N.J.1995) (quoting *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)). Moreover, " 'the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.' " *Martinez,* 875 F.Supp. at 1071 (quoting *United States v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548, *reh'g denied,* 495 U.S. 941, 110 S.Ct. 2195, 109 L.Ed.2d 523 (1990)). The conditional sovereign immunity of the United States extends to its branches and agencies, including the Postal Service. *See Martinez,* 875 F.Supp. at 1071 (citing *Franchise Tax Bd. v. United States Postal Serv.,* 467 U.S. 512, 517–18, 104 S.Ct. 2549, 81 L.Ed.2d 446 (1984); *Loeffler v. Frank,* 486 U.S. 549, 554, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988)).

■ Congress has effected a limited waiver of sovereign immunity with respect to suits against the Postal Service. *See Martinez,* 875 F.Supp. at 1071. Pursuant to section 401 of the Postal Reorganization Act of 1970 ("PRA"), 39 U.S.C. §§ 101 *et seq.,* the Postal Service has the power "to sue and be sued in its official name." 39 U.S.C. § 401(1); *see Martinez,* 875 F.Supp. at 1071. "This section has been recognized as a broad but not unlimited consent on the part of the United States to suits against the Postal Service." *See Martinez,* 875 F.Supp. at 1071 (citing *Loeffler,* 486 U.S. at 554, 108 S.Ct. 1965; *Franchise Tax Bd.,* 467 U.S. at 519, 104 S.Ct. 2549).

■ The PRA's waiver of immunity is inapplicable where the suit is a type

> not consistent with the statutory or constitutional scheme, [where] an implied restriction of the general authority [to sue and be sued] is necessary to avoid grave interference with the performance of a governmental function, or [where] for other reasons it was plainly the purpose of Congress to use the 'sue and be sued' clause in a narrow sense.

*Loeffler,* 486 U.S. at 554, 108 S.Ct. 1965 (citing *Franchise Tax Bd.,* 467 U.S. at 517–18, 104 S.Ct. 2549); *see Pennsylvania Dep't of Envtl. Resources v. United States Postal Serv.,* 13 F.3d 62, 69 (3d Cir.1993) ("[W]e hold that the 'sue-and-be-sued' provision in

the PRA waives the Postal Service's immunity from civil penalties unless one of the exceptions set out in *Franchise Tax Bd.* and *Loeffler* applies."). The immunity of the Postal Service from a particular suit is therefore dependent on the nature of the suit being brought. *See Loeffler,* 486 U.S. at 554, 108 S.Ct. 1965.

In the instant case, the Federal Complaint alleges the Plaintiffs sustained injuries and damages from, among other things, the negligent operation of the Postal Service Vehicle by Roethel. *See* Federal Complaint, Count 2, ¶¶ 4–5. Thus, the instant action is based in tort upon the premise that the Postal Inspection Service and Roethel were negligent. *See id.*

The PRA has established certain limitations on tort actions brought against the Postal Service. Specifically, Section 409(c) of the PRA provides: "The provisions of chapter 171 and all other provisions of title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service." 39 U.S.C. § 409(c). Chapter 171 of Title 28 of the United States Code contains the FTCA. *See* 28 U.S.C. §§ 2671 *et seq.*

Pursuant to the FTCA, the United States has consented to being sued in tort under certain limited circumstances. *See* 28 U.S.C. § 2674 ("Section 2674"); *Livera v. First Nat'l State Bank of N.J .,* 879 F.2d 1186, 1194 (3d Cir.) (FTCA "constitutes a waiver of sovereign immunity . . . ."), *cert. denied, Livera v. U.S. Small Bus. Admin.,* 493 U.S. 937, 110 S.Ct. 332, 107 L.Ed.2d 322 (1989).

Section 2674 provides, in relevant part:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages . . . .

28 U.S.C. § 2674; *see Reo v. United States Postal Serv.,* 98 F.3d 73, 75 (3d Cir.1996).

Section 1346(b) of Title 28 of the United States Code provides, in pertinent part:

(b)(1) Subject to the provisions of chapter 171 of this title, *the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment,* under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1) (emphasis added).

### 1. *Liability of the Postal Inspection Service*

■ Section 2679 of Title 28 of the United States Code ("Section 2679") provides, in relevant part:

(a) The authority of any federal agency to sue and be sued in its own name *shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title,* and the remedies provided by this title in such cases shall be exclusive.

28 U.S.C. § 2679(a) (emphasis added). The Postal Inspection Service is a "federal agency" as that term is defined in 28 U.S.C. § 2671 ("Section 2671").[6] *See Myers & Myers, Inc. v. United States Postal Serv.,* 527 F.2d 1252, 1255 (2d Cir.1975).

■ In the instant action the Federal Complaint alleges the Postal Inspection Service is liable for the alleged injuries of the Plaintiffs but does not indicate pursuant to what theory it is liable. *See* Federal Complaint. Presumably, the liability of the Postal Inspection Service is based on a theory of vicarious liability for the alleged negligent operation of the Postal Service Vehicle by Roethel.

According to the express language of Section 2679, the Postal Inspection Service is immune from liability based on the doctrine of sovereign immunity. *See* 28 U.S.C. § 2679(a); *see also Myers,* 527 F.2d at 1255 (stating "[n]either the Postal Service nor the Postal Inspection Service ... may be sued directly on claims brought under" FTCA); *Denney v. United States Postal Serv.,* 916 F.Supp. 1081, 1083 (D.Kan.1996) (stating Postal Service is not proper defendant in action brought pursuant to FTCA, which does not permit plaintiff to sue agency in its own name); *Martinez,* 875 F.Supp. at 1073 (same); *McKenith v. United States,* 771 F.Supp. 670 (D.N.J.1991) (holding FTCA "does not provide this court with subject matter jurisdiction over any other defendant but the United States. Indeed, as a matter of law, the United States Postal Service is never a proper defendant in a tort action."); *Dilg v. U.S. Postal Service,* 635 F.Supp. 406, at 407 (D.N.J.1985) ("[T]he United States is the only proper defendant in a suit for personal injuries arising out of the negligence of [F]ederal employees. Individual agencies ... may not be sued in their own name in such a case."); *Gounaris v. United States Postal Serv.,* No. 87–3403, 1988 WL 61741, at *1 (E.D.Pa. June 10, 1988), *aff'd,* 865 F.2d 250 (3d Cir.1988), *cert. denied,* 489 U.S. 1054, 109 S.Ct. 1316, 103 L.Ed.2d 585 (1989). Accordingly, the court lacks jurisdiction over the subject matter of the Complaint as asserted against the Postal Inspection Service. *See Denney,* 916 F.Supp. at 1083; *Martinez,* 875 F.Supp. at 1073 (citing *Dalm,* 494 U.S. at 608, 110 S.Ct. 1361).

### 2. *Liability of Roethel*

■ Section 2679(b)(1) provides that Federal employees acting within the scope of their employment may not be held personally liable:

(b)(1) *The remedy against the United States* provided by sections 1346(b) and 2672 of this title for injury or loss of

---

**6.** Section 2671 provides, in relevant part:

As used in this chapter and sections 1346(b) and 2401(b) of this title, *the term "Federal agency" includes* the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and *corporations primarily acting as instrumentalities or agencies of the United States,* but does not include any contractor with the United States....

28 U.S.C. § 2671 (emphasis added).

property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment *is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim . . . .*

28 U.S.C. §§ 2679(b)(1). This subsection was enacted to

> provide federal employees with absolute immunity from liability for common law torts committed within the scope of employment. . . . Congress achieved this purpose by precluding direct actions against federal employees. Instead, the plaintiff's "exclusive remedy" is an action against the United States under the FTCA.

*Martinez,* 875 F.Supp. at 1073 (quoting *Nadler v. Mann,* 731 F.Supp. 493, 495 (S.D.Fla. 1990), *aff'd in part, rev'd in part on other grounds,* 951 F.2d 301 (11th Cir.1992)); *see Schrob v. Catterson,* 967 F.2d 929, 934 (3d Cir.1992); *Melo,* 912 F.2d at 639; *Leddy v. United States Postal Serv.,* 525 F.Supp. 1053, 1054 (E.D.Pa.1981); *Thomason v. Sanchez,* 398 F.Supp. 500, 504 (D.N.J.1975), *aff'd,* 539 F.2d 955 (3d Cir.1976), *cert. denied,* 429 U.S. 1072, 97 S.Ct. 809, 50 L.Ed.2d 790 (1977).

■ As mentioned, the Federal Complaint alleges that, at the time of the Accident, Roethel was operating the Postal Service Vehicle "as agent, servant and/or employee" of the Postal Inspection Service. *See* Federal Complaint, Count 2, ¶ 3. The Postal Service has not disputed this allega-

tion. As such, Roethel appears to have been acting within the scope of his employment as an employee of the Postal Inspection Service at the time of the Accident. *See* Postal Inspection Service's Brief at 1–2. Under the express terms of Section 2679(b)(1), and in the absence of an independent basis of jurisdiction, which is neither alleged nor does one appear appropriate, Roethel is immune from the instant action. *See* 28 U .S.C. §§ 2679(b)(1); *see also Martinez,* 875 F.Supp. at 1073; *McKenith,* 771 F.Supp. at 673 (dismissing the complaint against the Postal Service and a Postal Service truck driver, because the FTCA permits suit only against the United States, not the individual agencies and because there was no allegation of an independent basis of jurisdiction over the Postal Service truck driver); *Dilg,* 635 F.Supp. at 407. Accordingly, as with allegations in the Federal Complaint against the Postal Inspection Service, the court lacks jurisdiction over the subject matter of the Federal Complaint as asserted against Roethel.[7] *See Martinez,* 875 F.Supp. at 1073 (citing *Dalm,* 494 U.S. at 608, 110 S.Ct. 1361).

Section 2679 mandates that any action commenced against a federal employee who was acting within the scope of his or her employment at the time of the incident out of which the claim arose be deemed an action against the United States. *See* 28 U.S.C. § 2679.[8] Thus, if this action were to proceed, the United States would need to be substituted as a party defendant. *See id.*

---

7. Subject matter jurisdiction also does not exist over Vilk, HIM Leasing and/or Country Club pursuant to the FTCA. *See Martinez,* 875 F.Supp. at 1074 n. 3; *McKenith,* 771 F.Supp. at 673 (holding FTCA "does not provide this court with subject matter jurisdiction over any other defendant but the United States."); *Dilg,* 635 F.Supp. at 407 (stating United States is only proper defendant in suit for personal injuries arising out of negligence of federal employees). No independent basis for subject matter jurisdiction over these parties is apparent from the face of the Federal Complaint. *See* Federal Complaint.

8. Section 2679 states, in pertinent part:

(d)(1) Upon certification by the Attorney General that the defendant employee was act-

ing within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

\* \* \* \* \* \*

(4) Upon certification, any action or proceeding subject to paragraph (1), (2), or (3) [of subsection (d)] shall proceed in the same manner as any action against the United States filed pursuant to section 1346(b) of this title and shall be subject to the limitations and exceptions applicable to those actions.

28 U.S.C. §§ 2679(d)(1), (d)(4).

As discussed below, however, the action cannot proceed at this time because the failure by the Plaintiffs to comply with the requirements of the FTCA deprives this court of subject matter jurisdiction.

### 2. *Exhaustion of Administrative Remedies*

The FTCA "establishes an administrative system" and a claimant "is required to file a claim with the agency allegedly responsible for [his or] her injuries." *Reo,* 98 F.3d at 75. The waiver of sovereign immunity pursuant to the FTCA is conditioned on a plaintiff having exhausted the available administrative remedies. Section 2675 of Title 28 of the United States Code provides:

> *[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.* The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . .

28 U.S.C. § 2675(a) (emphasis added). Both the submission of a timely administrative claim and receipt of a final denial are required before a court may exercise jurisdiction over a tort action under the FTCA. *See* 28 U.S.C. § 2675(a); *see also Deutsch v. United States,* 67 F.3d 1080, 1091 (3d Cir. 1995); *Martinez,* 875 F.Supp. at 1076.

The time for filing an administrative claim under the FTCA is governed by 28 U.S.C. § 2401(b) which provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b) (emphasis added). Accordingly, in this case the Plaintiffs were required to present their claims to the Postal Service within two years of the Accident, i.e., 11 April 1997. *See* 28 U.S.C. § 2401(b); 39 C.F.R. § 912.5. As discussed below, the Plaintiffs failed to present their claims in a timely fashion.

As the Supreme Court has explained regarding the United States waiver of sovereign immunity: " 'the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.' A statute of limitations requiring that a suit . . . be brought within a certain time period is one of those terms." *Dalm,* 494 U.S. at 608, 110 S.Ct. 1361 (quoting *Sherwood,* 312 U.S. at 586, 61 S.Ct. 767); *see also Pascale v. United States,* 998 F.2d 186, 193 (3d Cir.1993) ("We recognize that because the [FTCA] represents a waiver of sovereign immunity, its provisions [regarding the timing of filing such claims] should be strictly construed."); *Dunn v. United States,* 775 F.2d 99, 103 (1985) ("[T]ime bars with respect to the *filing* of claims against the United States should be strictly construed. That has been the recognized rule of statutory interpretation with respect to filing administrative claims and complaints under the [FTCA].").

The fulfillment of the administrative exhaustion requirement is also essential to a court's subject matter jurisdiction over a claim under the FTCA. *See McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("The FTCA bars claimants from bringing suit in [F]ederal court until they have exhausted their administrative remedies. Because petitioner failed to heed that clear statutory command, the [d]istrict [c]ourt properly dismissed his suit."); *Livera,* 879 F.2d at 1194 (explaining that exhaustion "is a jurisdictional requirement not subject to waiver by the government"); *Tucker v. United States Postal Serv.,* 676 F.2d 954, 959 (3d Cir.1982) (stating in claim

against Postal Service, "[n]oncompliance with section 2675 deprives a claimant of [F]ederal court jurisdiction over his or her claim"); *Dilg,* 635 F.Supp. at 407 ("[S]trict adherence with the terms and requirements of the FTCA is jurisdictional and cannot be waived."); *see also Price v. United States,* No. 92–7198, 1993 WL 99212, at *2 (E.D.Pa. Apr. 2, 1993) (Plaintiff "had to have filed a claim with the ... Postal Service prior to commencing the present action in [F]ederal court").

■ The determination whether the exhaustion requirement has been fulfilled is made with reference to the applicable agency administrative regulations. *See Tucker,* 676 F.2d at 959 (in tort claim against Postal Service, defining exhaustion requirement with reference to Postal Service regulations); *Price,* 1993 WL 99212, at *3 (same).

Section 912.5 of the Postal Service regulations sets forth the following procedure for presenting a claim with the Postal Service:

> (a) For purposes of this part, a claim shall be deemed to have been presented when the U.S. Postal Service receives from a claimant, his duly authorized agent or legal representative, *an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, accompanied by a claim for money damages in a sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident....

39 C.F.R. § 912.5 (emphasis added).

Section 912.9 of the Postal Service regulations defines a final denial of a claim as follows:

> (a) Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail. The notification of final denial may include a statement of the reasons for the denial and shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notation.

39 C.F.R. § 912.9. As mentioned, it appears the Postal Service has not issued a final denial of the claim made by Marion Kieffer. *See* Graham Certif. ¶ 14. Nevertheless, at this time the Plaintiffs cannot take advantage of the provision in Section 2675(a),[9] providing that agency inaction for six months after an administrative claim is filed can be deemed a final denial. This so because, as discussed below, the Plaintiffs failed to file an administrative claim with the Postal Service in a timely fashion. *See* 28 U.S.C. § 2675(a).

In the instant case, it is apparent the Marian Kieffer not only failed to present her claims to the Postal Service within two years after such claims accrued but also failed to exhaust her administrative remedies before bringing the instant action.[10] It is undisputed that the Postal Inspection Service received Form 95 on 9 July 1997, more than two years after the Accident and more than three months after the Plaintiffs had commenced the Federal and State actions.[11] *See* Mindlin Certif. ¶¶ 5, 7. Accordingly, the Plaintiffs claims are time barred. *See Schwartzman,* 995 F.Supp. 574, 576; *McDevitt,* 963 F.Supp. at 485.

■ The argument by the Plaintiffs that the two-year limitations period did not begin

---

9. Section 2675(a) provides, in relevant part:
 The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section....
 28 U.S.C. § 2675(a).

10. Donald Kieffer apparently never submitted a Form 95 to the Postal Service. Accordingly, his claims are also time-barred. *See Schwartzman v. Carmen,* 995 F.Supp. 574, 576 (E.D.Pa.1998) (finding single claim form submitted by one spouse to be insufficient to present claim of other

spouse absent sufficient facts placing agency on notice of both claims); *McDevitt v. United States,* 963 F.Supp. 482, 485 (E.D.Pa.1997) (same); *Dondero v. United States,* 775 F.Supp. 144 (D.Del.1991) (same).

11. The commencement of both the State and Federal court actions was also premature because they were commenced prior to the presentment of the administrative claim to the Postal Service by the Plaintiffs. *See* 28 U.S.C. § 2675(a); *McNeil,* 508 U.S. at 109–10, 113 S.Ct. 1980.

[redacted]

to run until they received Form 95 from Mindlin in November 1996 is without merit because the Postal Service was under no obligation to provide the Plaintiffs with Form 95, but merely did so as a courtesy.[12] *See Williams v. United States,* No. 95–3971, 1995 WL 739497, at *2 (E.D.Pa. Dec. 13, 1995). In any event, the Form 95 submitted by the Plaintiffs was not signed by Marian Kieffer and did not indicate that counsel for the Plaintiffs was authorized to file the form on her behalf. As such, the Form 95 was defective. *See* 39 C.F.R. § 912.5.

[redacted] The Plaintiffs also contend that the 6 May Letter to Roethel from counsel for the Plaintiffs constituted the filing of a claim with the Postal Service. As such, the Plaintiffs argue that their claim was presented in a timely fashion. The 6 May Letter, however, was not addressed to the Postal Service and did not contain a demand for a sum certain of money damages as required by 39 C.F.R. § 912.5. *See* 39 C.F.R. § 912.5; *see also* Exhibit Pa–1 attached to the Plaintiffs' Brief; Mindlin Certif. at ¶ 3. Accordingly, the 6 May Letter did not provide the Postal Service with proper notice of the claim by Marian Kieffer. *See Bialowas,* 443 F.2d at 1049–50; *Martinez,* 875 F.Supp. at 1075. The 6 May Letter also made no mention of the claim by Donald Kieffer and therefore did not put the Postal Service on notice of his claim. *See* Exhibit Pa–1 attached to the Plaintiffs' Brief.

The Plaintiffs further argue that their claims should not be time-barred because they filed the Federal Complaint and the State Complaint before the expiration of the two-year limitations period for filing administrative claims. *See* Plaintiffs' Brief at 6–7. This argument is not persuasive because the Plaintiffs failed to exhaust the available administrative remedies. *See McNeil,* 508 U.S. at 113, 113 S.Ct. 1980; *Tucker,* 676 F.2d at 959; *Kozel v. Dunne,* 678 F.Supp. 450, 452–53 (D.N.J.1988) (rejecting argument that commencement of suit against federal employee within 2 years of automobile accident was sufficient to confer subject matter jurisdiction on court where claimant failed to file timely administrate claim and to exhaust administrative remedies). Even if the Plaintiffs are entitled to take advantage of the tolling provisions of 28 U.S.C. § 2679(d)(5) (Section 2679(d)(5)),[13] this action must be dismissed so that the Plaintiffs can first pursue their administrative remedies. *See Bradley v. United States,* 875 F.2d 65 (3rd Cir.1989); *Rode,* 812 F.Supp. at 47; *Jackson v. United States,* 789 F.Supp. 1109, 1111–12 (D.Colo. 1992).

Based on the foregoing, because the Plaintiffs have failed to demonstrate that they timely filed a timely administrative claim and exhausted their administrative remedies, this court may not exercise jurisdiction over this action under the FTCA. *See* 28 U.S.C. § 2675(a); *see also McNeil,* 113 S.Ct. at 1984; *Dalm,* 494 U.S. at 608, 110 S.Ct. 1361; *Pascale,* 998 F.2d at 193; *Livera,* 879 F.2d at 1194; *Dunn,* 775 F.2d at 103; *Tucker,* 676 F.2d at 959.

*Conclusion*

For the reasons stated, this court does not have subject matter jurisdiction to hear the instant matter.

[redacted]

12. The argument by the Plaintiffs that Mindlin should have advised them in the 1 November Letter that Form 95 needed to be completed and returned within 2 years of the accrual of the cause action is also without merit. The Form 95 enclosed with the 1 November Letter expressly sets forth the 2 year requirement. *See* Exhibit Pa–16 attached to Plaintiffs' Brief.

13. Section 2679(d)(5) provides:

(5) Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if—

(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and

(B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2675(d)(5).